Exhibit "**A**"

Exhibit "**A**"     Exhibit "**A**"     Exhibit "**A**"     Exhibit "**A**"     Exhibit "**A**"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
COSTCO WHOLESALE CORPORATION, Delaware corporation;
and DOES 1 THROUGH 50, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** MEGAN ROUGH,
individually and on behalf of all similarly situated current and former
employees of DEFENDANTS in the State of California.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, County of Solano- Old Solano Courthouse<br>580 Texas Street, Fairfield, CA 94533 | CASE NUMBER:<br>(Número del Caso):<br>FCS 052953 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Graham S.P. Hollis, (SBN 120577)/ Vilmarie Cordero, (SBN Nathan Reese, (SBN 283150)
3555 Fifth Avenue, Suite 200, San Diego, CA 92103; tel (619) 692-0822

| DATE: **MAY 2 8 2019** | Clerk, by **R. PULIDO** | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Costco Wholesale Corporation
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO:)*
COSTCO WHOLESALE CORPORATION, Delaware corporation;
and DOES 1 THROUGH 50, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE:)* MEGAN ROUGH,
individually and on behalf of all similarly situated current and former
employees of DEFENDANTS in the State of California.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Solano- Old Solano Courthouse<br>580 Texas Street, Fairfield, CA 94533 | CASE NUMBER:<br>*(Número del Caso):*<br>FCS 052953 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Graham S.P. Hollis, (SBN 120577)/ Vilmarie Cordero, (SBN Nathan Reese, (SBN 283150)
3555 Fifth Avenue, Suite 200, San Diego, CA 92103; tel (619) 692-0822

| DATE: **MAY 28 2019** | Clerk, by **R. PULIDO** | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Costco Wholesale Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | **GRAHAMHOLLIS** APC
Graham Hollis (SBN 120577)
2 | ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
3 | vcordero@grahamhollis.com
Nathan Reese (SBN 283150)
4 | nreese@grahamhollis.com
3555 Fifth Avenue Suite 200
5 | San Diego, California 92103
Telephone: 619.692.0800
6 | Facsimile: 619.692.0822



ENDORSED FILED
Clerk of the Superior Court

MAY 2 8 2019

By_____ R. PULIDO
DEPUTY CLERK

7 | Attorneys for Plaintiff MEGAN ROUGH

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SOLANO

10 |

11 | MEGAN ROUGH, individually and on behalf of
all similarly situated current and former
12 | employees of DEFENDANTS in the State of
California,

13 |

14 | Plaintiff,

15 | v.

16 | COSTCO WHOLESALE CORPORATION,
Delaware corporation; and DOES 1-50,
17 | inclusive,

18 | Defendants.

Case No.: FCS 052953

*Unlimited Civil -*
*Amount Demanded Exceeds $25,000.00*

**INDIVIDUAL AND CLASS ACTION
COMPLAINT**
[Cal. Code Civ. Proc. § 382]

1. Failure to Pay Minimum and Regular Wages;
2. Failure to Pay All Overtime Wages;
3. Failure to Provide Accurate Itemized Wage Statements;
4. Failure to Timely Pay All Wages Due Upon Separation of Employment; and
5. Violation of Business & Professions Code §17200, *et seq.*

19 |

20 |  ASSIGNED TO JUDGE Wendy G. Getty FOR ALL PURPOSES

21 |

22 | – JURY TRIAL DEMANDED –

23 |

24 | Plaintiff MEGAN ROUGH (hereinafter "Plaintiff"), on behalf of herself and all other similarly

25 | situated current and former employees of Defendants COSTCO WHOLESALE CORPORATION, and

26 | DOES 1 THROUGH 50, inclusive, (hereinafter "Defendants"), alleges as follows:

27 | ///

28 | ///

1

**CLASS ACTION COMPLAINT**

# I.

## INTRODUCTION

1.     Plaintiff brings this putative class and individual action against Defendants COSTCO WHOLESALE CORPORATION, and DOES 1 THROUGH 50, for engaging in a pattern of wage and hour violations under the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders, all of which have contributed to Defendants' deliberate unfair competition.

2.     Plaintiff brings this action on behalf of all current and former non-exempt employees who worked for Defendants in a Costco store in the State of California and who worked one or more closing shifts during the applicable relevant time period (hereinafter "similarly situated employees").

3.     Plaintiff is informed and believes, and on that basis alleges, that Defendants decreased its employment-related costs by systematically violating California wage and hour laws and engaging in unlawful and unfair business practices.

4.     Defendants' systematic pattern of wage and hour and IWC Wage Order violations toward Plaintiff and other similarly situated employees in California include, *inter alia*:

      a.     Failure to pay all wage, including regular and minimum wage;

      b.     Failure to pay all overtime wages;

      c.     Failure to provide accurate itemized wage statements;

      d.     Failure to timely pay wages due upon separation of employment; and

      e.     Failure to reimburse for all business expenses.

5.     Plaintiff brings this lawsuit seeking restitution, injunctive relief, and monetary relief against Defendants, on behalf of herself and all other similarly-situated current and former employees in California, to recover, among other things, unpaid wages, interest, attorney's fees, damages, liquidated damages, penalties, and costs pursuant to Labor Code §§ 201, 202, 203, 218.5, 226, 510, 1194; the Business and Professions Code §§17200, et seq., and the provisions of the applicable IWC Wage Order.

6.     Plaintiff reserves the right to name additional representatives throughout the State of California.

///

///

## II.

## PARTIES, JURISDICTION AND VENUE

7.     Plaintiff is an individual who worked for Defendants as a non-exempt employee working in a Costco Warehouse Store. She was not primarily engaged in administrative duties, and the majority of the work she performed was non-managerial in nature. Plaintiff was not primarily engaged in work directly related to management policies or general business operations of the Defendants. Plaintiff was not permitted to exercise discretion or independent judgment and could not hire or fire employees. At all times, Plaintiff was a non-exempt employee and should have received the protections afforded by the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

8.     Defendant COSTCO WHOLESALE CORPORATION, is organized under the laws of the State of Delaware and has its principal place of business in Issaquah, Washington.

9.     Defendants operate several businesses and locations throughout California, including in Vacaville, California.

10.     Plaintiff and all other current and former similarly situated employees are and were employees of Defendants within the meanings set forth in the Labor Code and IWC Wage Order at all times during the applicable statutory period.

11.     Defendants' wrongful conduct, as herein alleged, occurred in the County of Solano and in various counties throughout the State of California. Plaintiff is informed and believes, and thereon alleges, that Defendants are, and at all relevant times were, authorized to do business and did business in the State of California, and were Plaintiff's and similarly situated employees' "employers" as defined in and subject to the California Labor Code and Industrial Welfare Commission Wage Orders.

12.     The true names and capacities of the Defendants named as DOES 1 THROUGH 50, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitiously named Defendants when their true names are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious Defendants have participated in the acts alleged in this Complaint.

13.     Plaintiff and all other similarly situated employees are, and at all relevant times were, employees of each Defendant, including DOES 1 THROUGH 50, within the meanings set forth in the

1  California Labor Code and applicable Industrial Welfare Commission Wage Order.

2      14.    At all relevant times, each Defendant, whether named or fictitious, was the agent, employee

3  or other person acting on behalf of each other Defendant, and, in participating in the acts alleged in this

4  Complaint, acted within the scope of such agency or employment and ratified the acts of the other.

5      15.    Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

6  Wherever it is alleged herein that any act or omission was done or committed by any specially named

7  Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same act or omission

8  was also done and committed by each and every Defendant named as a DOE, both separately and in

9  concert or conspiracy with the named Defendant.

10     16.    Each Defendant, whether named or fictitious, exercised control over Plaintiff's wages,

11  working hours, and/or working conditions.

12     17.    Each Defendant, whether named or fictitious, acted in all respects pertinent to this action

13  as the agent of the other Defendants, carried out a joint scheme, business plan or policy, and the acts of

14  each Defendant are legally attributable to the other Defendants.

15     18.    Each Defendant, whether named or fictitious, was the alter ego of each of the other

16  Defendants at all relevant times herein.

17     19.    On information and belief, a unity of interest and ownership between each Defendant,

18  whether named or fictitious, exists such that all Defendants acted as a single employer of Plaintiff and all

19  other similarly situated employees.

20     20.    Venue is proper in this Court pursuant to Code of Civil Procedure sections 395(a) and

21  395.5 because Defendants maintain offices, transact business, and/or have an agent in Solano County and

22  Defendants are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful

23  acts alleged herein arose in Solano County and have a direct effect on Plaintiff and other similarly situated

24  employees within the State of California and Solano County. On information and belief, Defendants

25  employ numerous individuals throughout Solano County and the State of California.

26                                 **III.**

27                        **GENERAL ALLEGATIONS**

28     21.    COSTCO   WHOLESALE   CORPORATION,   ("COSTCO")   is   a   publicly   traded

                                     4

1  corporation. It operates wholesale warehouse stores throughout California, selling food, a variety of
2  consumer goods, and services.

3      22.    Defendants employed Plaintiff as a front end associate working in its warehouse store
4  located in Woodland, California from approximately December 2017 to January 2018 and in Vacaville,
5  California from approximately March 2018 to April 2019. Plaintiff was compensated on an hourly basis.

6      23.    Defendants denied Plaintiff and, on information and belief, other similarly situated
7  employees in California specific rights afforded to them under the California Labor Code and the
8  applicable Industrial Welfare Commission Wage Order ("IWC Wage Order"). For example, Defendant
9  failed to timely pay Plaintiff and similarly situated employees all minimum, regular, and overtime wages
10 owed, failed to maintain accurate records and issue accurate itemized wage statements, and failed to timely
11 pay all wages due upon separation of employment.

12     24.    When working a closing shift, Plaintiff and similarly situated employees continued to work
13 after the business hours for Defendants' stores and after the stores' doors were closed to customers and
14 locked. After the doors were closed and locked, Plaintiff and similarly situated employees could not
15 simply leave the store upon clocking out for their shifts. Instead, Defendants required Plaintiff and
16 similarly situated employees to clock out and then walk to a designated exit location. Plaintiff and
17 similarly situated employees then had to call a manager and wait for the manager to meet them at the
18 designated exit location. It often took managers several minutes to meet Plaintiff and similarly situated
19 employees at the exit location. After a manager arrived, he or she would inspect Plaintiff's and similarly
20 situated employees' bags for store merchandise. The manager would then radio the stores' parking lot
21 security guards to ensure the parking lot was safe before the exit doors were finally opened. It usually took
22 Plaintiff and other similarly situated employees several minutes to complete this process. As such, Plaintiff
23 and similarly situated employees were not relieved of all duties until several minutes after clocking out.
24 Therefore, Plaintiff and similarly situated employees were not compensated for all of the time they were
25 on-duty and required to complete the exit security procedure.

26     25.    As a result, Plaintiff and similarly situated employees did not receive the statutory
27 minimum wage for all time suffered or permitted to work because they were not properly compensated at
28 their regular rate of pay for all hours worked. Plaintiff and, on information and belief, similarly situated

1 | employees worked in excess of eight hours in a workday or forty hours in a workweek. As such,
2 | Defendants failed to provide them with overtime compensation for all hours worked.

3 |      26.    As a direct result of Defendants' illegal policies and procedures, Defendants failed to
4 | maintain accurate records reflecting all of Plaintiff's and, on information and belief, other similarly
5 | situated employees' time worked and wages paid, in violation of California law. In addition, Defendants
6 | failed to provide accurate wage statements showing the correct total regular and overtime hours worked,
7 | the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding
8 | number of hours worked at each hourly rate.

9 |      27.    As a direct result of the aforementioned Labor Code violations, Defendants did not pay
10 | Plaintiff and, on information and belief, all similarly situated employees all wages due and payable upon
11 | separation of employment, including minimum, regular, and overtimes wages for all hours worked, as
12 | required pursuant to Labor Code sections 201 and 202.

13 | **IV.**

14 | **CLASS ACTION DESIGNATION**

15 |      28.    Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as
16 | though fully set forth herein.

17 |      29.    Plaintiff brings Causes of Action One through Five as a Class Action pursuant to California
18 | Code of Civil Procedure § 382 on behalf of herself and all current and former employees of Defendants
19 | working one or more closing shifts for Defendants and who were affected by Defendants' Labor Code,
20 | Business and Professions Code, and IWC Wage Order violations, as alleged herein.

21 |      30.    Plaintiff seeks to represent the following Class, which is defined as:

22 |      **The Closing-Shift Class:**

23 |      "All current and former non-exempt employees who worked for Defendants

24 |      in the State of California at one of Defendants' warehouse stores and who

25 |      worked one or more closing shifts at any time from four years prior to the

26 |      filing of this Complaint through the present."

27 |      31.    Plaintiff also seeks to represent the following Subclass, which is defined as:

28 |      **The Waiting Time Penalties Subclass:**

**CLASS ACTION COMPLAINT**

1  "All members of the Closing-Shift Class, whose employment with

2  Defendants ended at any time from three year priors to the filing of this

3  Complaint through the present."

4  32.  **Reservation of Rights**: Pursuant to California Rule of Court 3.765(b), Plaintiff reserves

5  the right to amend or modify the class definitions with greater specificity, by further division into

6  subclasses, and/or limitation to particular issues.

7  33.  Causes of Action One through Five are appropriately suited for a class action pursuant to

8  § 382 of the Code of Civil Procedure because the following requirements are met:

9  **A.  Numerosity**

10  The members of the Class and Subclasses are sufficiently numerous to render the joinder of all

11  their members impracticable.  While Plaintiff has not yet determined the precise number of members of

12  the Class and Subclasses, Plaintiff is informed and believes that the Class and Subclasses likely consist of

13  over 25 individuals.  Although the exact number is currently unknown to Plaintiff, this information is

14  easily ascertainable from Defendants' time and payroll records and other personnel records.

15  **B.  Commonality and Predominance**

16  Common questions of law and fact exist as to all class members and predominate over any

17  questions affecting only individual members of the Class or Subclasses.  The common questions of law

18  and fact that predominate include, but are not limited to:

19  a.  Whether Defendants failed to compensate Class members for all time worked,

20  including minimum, regular, and overtime wages;

21  b.  Whether Defendants failed to provide Class members with accurate itemized wage

22  statements showing, among other things, the number of hours worked and the

23  correct amount of gross and net wages earned; and

24  c.  Whether Defendants failed to pay Waiting Time Penalties Subclass members all of

25  their wages owed within the required time frames upon separation of employment.

26  **C.  Typicality**

27  Plaintiff's claims are typical of the claims of all class members because Plaintiff and all class

28  members' claims arise from the same event, practice and/or course of conduct of Defendants.  Plaintiff

7

**CLASS ACTION COMPLAINT**

1   and all class members sustained injuries and damages as a result of Defendants' illegal policies, practices

2   and/or common course of conduct in violation of California wage and hour laws and/or illegal, unfair, or

3   fraudulent business practices.

4   Furthermore, Plaintiff's claims under the Labor Code and the applicable IWC Wage Order are

5   typical of the Class and Subclasses because Defendants' failure to comply with the provisions of

6   California's wage and hour laws entitles Plaintiff and each class member to similar pay, benefits, and

7   other relief. Accordingly, the legal theories underlying each cause of action are the same and the remedies

8   sought by Plaintiff and all class members are the same.

9   **D.**     **Adequacy of Representation**

10  Plaintiff has no fundamental conflict of interest with the Class or Subclasses she seeks to represent.

11  Plaintiff will adequately protect the interests of all class members because it is in Plaintiff's best interest

12  to prosecute the claims alleged herein to obtain full compensation and penalties due to her and putative

13  class members.

14  Plaintiff retained attorneys who are experienced employment law litigators with significant wage

15  and hour and class action experience.

16  **E.**     **Superiority of Class Action**

17  Plaintiff believes a class action is a superior method of litigation for the fair and efficient

18  adjudication of this controversy. Individual joinder of all class members is not practicable. Class action

19  treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient

20  and economical for the parties and the judicial system.

21  Plaintiff knows of no difficulty that might be encountered in the management of this suit, which

22  would preclude maintenance as a class action.

23                                    **V.**

24                          **CAUSES OF ACTION**

25                        **FIRST CAUSE OF ACTION**

26          **FAILURE TO PAY MINIMUM AND REGULAR WAGES**

27   (Violation of Labor Code §§ 1194, 1197, and 1198 and the "Minimum Wages" section of the

28                      Applicable IWC Wage Order)

1     (Alleged by Plaintiff Individually and on Behalf of the Closing-Shift Class Against Defendants)

2        34.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

3 paragraphs above, as though fully set forth herein.

4        35.    Labor Code § 1197 provides, "[t]he minimum wage for employees fixed by the

5 commission is the minimum wage to be paid to employees, and the payment of a less wage than the

6 minimum wage so fixed is unlawful."

7        36.    The "Minimum Wages" section of the applicable IWC Wage Order provides that an

8 employer may not pay employees less than the applicable minimum for all hours worked.

9        37.    The applicable IWC Wage Order defines the term "hours worked" as "the time during

10 which an employee is subject to the control of an employer, and includes all the time the employee is

11 suffered or permitted to work, whether or not required to do so."

12        38.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the

13 standard conditions of labor fixed by the commission shall be the maximum hours of work and the

14 standard conditions of labor for employees. The employment of any employee for longer hours than those

15 fixed by the order or under conditions of labor prohibited by the order is unlawful."

16        39.    Defendants failed to pay Plaintiff and, on information and belief, the Closing-Shift Class

17 at least minimum wage for all the time spent working and under the control of Defendants. For example,

18 Defendants required Plaintiff and, on information and belief, the Closing-Shift Class to wait for several

19 minutes after they had clocked out and participate in lengthy security procedures before they were fully

20 off-duty and allowed to leave the stores were they worked.

21        40.    When working a closing shift, Plaintiff and the Closing-Shift Class continued to work after

22 the business hours for Defendants' stores and after the stores' doors were closed and locked. Plaintiff and

23 the Closing-Shift Class could not simply leave the store upon clocking out for their shifts. Instead, they

24 were required to clock out and then walk to a designated exit location. Plaintiff and the Closing-Shift Class

25 then had to call a manager and wait for the manager to meet them at the designated exit location. It often

26 took the managers several minutes to meet Plaintiff and the Closing-Shift Class at the exit location. After

27 a manager arrived, the manager would inspect Plaintiff's and the Closing-Shift Class's bags to ensure

28 nothing was being stolen from the store. The manager would then radio the stores' parking lot security

1    guards to ensure the parking lot was safe before the exit doors were finally opened. It usually took Plaintiff

2    and, on information and belief, the Closing-Shift Class several minutes to complete this process. As such,

3    Plaintiff and the Closing-Shift Class were not relieved of their duties until several minutes after clocking

4    out for work. Therefore, Plaintiff and the Closing-Shift Class were not compensated for all of the time

5    they were on-duty and required to complete the lengthy exit security procedure.

6       41.    Labor Code § 1194 provides, in part, that any employee receiving less than the legal

7    minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including

8    interest thereon, reasonable attorney's fees, and costs of suit.

9       42.    Labor Code § 1194.2 allows an employee to recover liquidated damages in an amount

10   equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code § 1194.

11      43.    Plaintiff and the Closing-Shift Class suffered and continue to suffer losses related to the

12   use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts

13   and Labor Code violations in an amount to be shown according to proof at trial and within the

14   jurisdictional limitations of this Court.

15      44.    Plaintiff seeks all available remedies for Defendants' violations including, but not limited

16   to, any and all wages due, monies, interest, liquidated damages, attorney's fees, and costs to the extent

17   permitted by law.

18      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

19                              **SECOND CAUSE OF ACTION**

20                       **FAILURE TO PAY ALL OVERTIME WAGES**

21      (Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of the

22                              Applicable IWC Wage Order)

23      (Alleged by Plaintiff Individually and on Behalf of the Closing-Shift Class Against Defendants)

24      45.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

25   paragraphs above, as though fully set forth herein.

26      46.    Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any

27   work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of

28   work in any one workweek shall be compensated at the rate of no less than one and one-half times the

                                    10
                           **CLASS ACTION COMPLAINT**

1 regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at
2 the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of
3 eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the
4 regular rate of pay of an employee." The "Hours and Days of Work" section of the applicable IWC Wage
5 Order mandate the same requirements.

6      47.    Labor Code § 1194 provides that any employee receiving less than the legal overtime
7 compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the
8 full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and
9 costs of suit.

10      48.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the
11 standard conditions of labor fixed by the commission shall be the maximum hours of work and the
12 standard conditions of labor for employees. The employment of any employee for longer hours than those
13 fixed by the order or under conditions of labor prohibited by the order is unlawful."

14      49.    The applicable IWC Wage Order defines the term "hours worked" as "the time during
15 which an employee is subject to the control of an employer, and includes all the time the employee is
16 suffered or permitted to work, whether or not required to do so."

17      50.    In California, overtime is computed based on the regular rate of pay.  The regular rate of
18 pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings,
19 commissions, and non-discretionary bonuses, and the value of meals and lodging.

20      51.    Plaintiff and, on information and belief, the Closing-Shift Class regularly worked over
21 eight hours per day and 40 hours per week while employed by Defendants.  Plaintiff and, on information
22 and belief, the Closing-Shift Class did not receive all overtime compensation owed for all overtime hours
23 worked over eight hours per day and/or 40 hours per week, and/or for every hour worked during the
24 seventh day of work, at the applicable overtime rate during their employment with Defendants.

25      52.    Defendants failed to pay Plaintiff and, on information and belief, the Closing-Shift Class
26 at the proper overtime rate for all the time spent working and under the control of Defendants. Defendants
27 also failed to pay overtime compensation for all overtime hours worked over eight hours per day and/or
28 40 hours per week.

53.     Plaintiff and the Closing-Shift Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

54.     Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

(Violation of Labor Code sections 226 and 1198 and

the "Records" section of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and On Behalf of The Closing-Shift Class Against Defendants)

55.     Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

56.     Plaintiff and Closing-Shift Class members were and are non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

57.     Labor Code section 226(a) requires that employers, including Defendants, furnish their employees with each wage payment an accurate and itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number or his or her employee identification number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

58.     Labor Code section 226(e), in part, permits employees suffering injury to collect the greater of all actual damages or the amount specified in Labor Code section 226 per violation.

59.     Labor Code section 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot

12

**CLASS ACTION COMPLAINT**

1  promptly and easily determine from the wage statement alone one or more of the following: (i) The amount
2  of the gross wages or net wages paid to the employee during the pay period or any of the other information
3  required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9)
4  of subdivision (a)."

5      60.    Labor Code section 226(h) states, "An employee may also bring an action for injunctive
6  relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's
7  fees."

8      61.    Because of the Defendants' illegal policies and procedures, Defendants failed to provide
9  Plaintiff and Closing-Shift Class members with accurate itemized wage statements that comply with the
10  requirements of the Labor Code because the wage statements issued did not include the hourly rates of
11  pay and the correct corresponding number of hour worked and the correct amount of gross and net wages
12  earned as required under Labor Code section 226.

13      62.    Defendants knowingly and intentionally failed to provide Plaintiff and Closing-Shift Class
14  members an accurate itemized wage statement with each wage payment as required by Labor Code section
15  226(a). Defendants knowingly and intentionally failed to provide Plaintiff and members of the Closing-
16  Shift Class with each wage payment an accurate wage statement showing, among other things, the gross
17  and net wages earned.

18      63.    Defendants' failure to provide accurate wage statements deprived Plaintiff and members
19  of the Closing-Shift Class of the ability to promptly and easily understand and question the calculation
20  and rate of pay and hours used to calculate the wages paid by Defendants. Plaintiff and members of the
21  Closing-Shift Class, therefore, had no way to dispute any error in the payment or calculation of their
22  wages, all of which resulted in an unjustified economic enrichment to Defendants, and Plaintiff and
23  members of the Closing-Shift Class suffered actual damages as a result.

24      64.    Defendants' failure to provide accurate itemized wage statements constitutes an injury as
25  defined under Labor Code section 226(e)(2)(B). Therefore, Plaintiff and members of the Closing-Shift
26  Class have suffered an injury for purposes of Labor Code section 226 and are entitled to recover the greater
27  of all actual damages or the amount specified in section 226 per violation.

28      65.    Plaintiff and Closing-Shift Class members suffered and continue to suffer injuries, losses

1  and actual damages as a direct result of Defendants' Labor Code violations, including lost interest on such
2  wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their
3  obligations, in an amount to be shown according to proof at trial.

4      66.    Plaintiff seeks to recover all available remedies including, but not limited to damages,
5  penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law.

6      WHEREFORE, Plaintiff prays for relief as hereinafter requested.

7  **FOURTH CAUSE OF ACTION**

8  **FAILURE TO TIMELY PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

9  (Violations of Labor Code sections 201, 201, 203, 1198, and the "Minimum Wages" and "Hours and
10  Days of Work" sections of the Applicable IWC Wage Order)

11  (Alleged by Plaintiff Individually and on Behalf of The Waiting Penalties Subclass Against Defendants)

12      67.    Plaintiff re-alleges and incorporates by reference the allegations contained in the
13  paragraphs above, as though fully set forth herein.

14      68.    Labor Code § 201 requires Defendants to immediately pay any wages, without abatement
15  or reduction, to any employee who is discharged. Labor Code § 202 requires Defendants to pay any and
16  all wages due and owing to an employee not having a written contract for a definite period, who quits his
17  or her employment, within 72 hours of the employee quitting his or her employment, unless the employee
18  has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled
19  to his or her wages at the time of quitting.

20      69.    For violation of Labor Code §§ 201 and 202, Labor Code § 203 causes the unpaid wages
21  of an employee to continue as a penalty from the due date thereof, at the same rate until paid or until an
22  action is commenced, but the wages shall not continue for more than 30 days.

23      70.    As a result of Defendants' conduct during the applicable statutory period, Defendants
24  willfully failed to pay Plaintiff and, on information and belief, the Waiting Time Penalties Subclass all
25  wages due and owing to them, including minimum wages, overtime wages, and regular wages for all the
26  time they were suffered or permitted to work or were engaged in work under Defendants' control, within
27  the time required by Labor Code §§ 201 and 202, as applicable.

28      71.    To date, Plaintiff has not yet received all wages due and payable, including but not limited

14

**CLASS ACTION COMPLAINT**

1  to, minimum wages, overtime wages, and regular wages owing to her.  On information and belief,
2  members of the Waiting Time Penalties Subclass have not yet received all minimum wages, overtime
3  wages, and regular wages due and owing to them.

4      72.    As a direct result of Defendants' violations alleged herein, Plaintiff and the Waiting Time
5  Penalties Subclass members suffered and continue to suffer losses related to the use and enjoyment of
6  wages due and owing to them, all to their respective damage in an amount to be shown according to proof
7  at trial and within the jurisdictional limitations of this Court.

8      73.    Plaintiff seeks all available remedies for Defendants' violations to the fullest extent
9  permissible.

10     WHEREFORE, Plaintiff prays for relief as hereinafter requested.

11                          **FIFTH CAUSE OF ACTION**

12     **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, _ET SEQ._**

13     (Alleged by Plaintiff Individually and on Behalf of The Closing-Shift Class Against Defendants)

14     74.    Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as
15  though fully set forth herein.

16     75.    California Business & Professions Code section 17200, _et seq._, prohibits acts of unfair
17  competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

18     76.    Defendants' Labor Code and IWC Wage Order violations alleged herein constitute
19  "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and
20  Professions Code sections 17200-17208 and include, but are not limited to: (i) failure to provide
21  compensation to Plaintiff and the Closing-Shift Class for all hours worked, including regularly, minimum,
22  and overtime; (ii) failure to provide Plaintiff and the Closing-Shift Class with accurate itemized wage
23  statements; and (iii) failure to timely pay Plaintiff and members of the Waiting Time Penalties Subclass
24  all wages owed upon separation of their employment with Defendants.

25     77.    Defendants intentionally avoided paying Plaintiff and the Closing-Shift Class all wages
26  and/or monies, and other financial obligations attached thereto, to create for Defendants an artificially
27  lower cost of doing business, and thus, undercut its competitors.

28     78.    Defendants lowered the costs of doing business by paying Plaintiff and the Closing-Shift

1 | Class an amount less than what is required by the California Labor Code and the applicable Wage Order
2 | of the Industrial Welfare Commission, thereby unfairly forcing Plaintiff and other similarly situated
3 | employees to perform work without fair compensation and benefits.

4 |     79.    Defendants held themselves out to Plaintiff and the Closing-Shift Class as being
5 | knowledgeable about, and adhering to, the employment laws of California at all times relevant herein.
6 | Plaintiff and the Closing-Shift Class relied on and believed in Defendants' representation concerning
7 | Defendants' adherence to the California laws, all to their detriment.

8 |     80.    Defendants' scheme to lower their payroll and operation costs and thus profit, by
9 | withholding money owed to the class and withholding wages, compensation and benefits, which are all
10 | the property of Plaintiff and the Closing-Shift Class, in violation of the California Labor Code and the
11 | IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or
12 | practice," under California Business and Professions Code section 17200, *et seq.* As a result of
13 | Defendants' unfair competition, Plaintiff and the Closing-Shift Class suffered injury in fact by losing
14 | money and/or property.

15 |     81.    Business and Professions Code section 17204, states, in relevant part, "[a]ctions for relief
16 | pursuant to this chapter shall be prosecuted…by…a person who has suffered injury in fact and has lost
17 | money or property as a result of the unfair competition."

18 |     82.    Defendants acquired money and property owed to Plaintiff and the Closing-Shift Class by
19 | means of an unlawful practice that constitutes unfair competition as defined by Business and Professions
20 | Code section 17200, *et seq.*

21 |     83.    Plaintiff and the Closing-Shift Class are persons in interest under Business and Professions
22 | Code section 17203 to whom money and property should be restored. Business and Professions Code
23 | section 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf
24 | of others only if the Plaintiff meets the standing requirements of Section 17204."

25 |     84.    Plaintiff is a person who suffered injury in fact and lost money, wages, compensation, and
26 | benefits, as a result of Defendants' unfair competition. Thus, pursuant to Business and Professions Code
27 | sections 17203 and 17204, Plaintiff may pursue representative claims and relief on behalf of herself and
28 | the putative classes.

85.     Pursuant to Business and Professions Code section 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

86.     Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the Closing-Shift Class by committing the unlawful acts alleged herein.   Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code section 17203, and restore all unpaid wages to Plaintiff and the Closing-Shift Class.

87.     Plaintiff and the Closing-Shift Class suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

88.     Plaintiff seeks all available remedies on behalf of herself and on behalf of the Closing-Shift Class, including, but not limited to, restitution of all wages and all monies owed, all in an amount to be shown according to proof at trial.   All such remedies are cumulative of relief available under other laws, pursuant to Business & Professions Code section 17205.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.     For general damages;

b.     For special damages;

c.     For actual damages pursuant to Labor Code § 226(e);

d.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021, Labor Code §§ 218.5, 226, 1194, and any other application section.

e.     For injunctive relief as provided by the Labor Code including but not limited to § 226(g) of the Labor Code, and Business and Professions Code §17200 *et seq*.;

f.     For restitution as provided by Business and Professions Code §17200 *et seq*.;

g.     For an order requiring Defendants to restore and disgorge all funds to Plaintiff acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and,   therefore,   constituting   unfair   competition   under   Business   and

17

1   Professions Code §17200 *et seq*;

2   h.   For an award of damages in the amount of unpaid compensation and monies including,

3        but not limited to actual damages, unpaid wages, waiting time penalties and other

4        penalties according to proof, including interest thereon;

5   i.   For waiting time penalties pursuant to Labor Code §203;

6   j.   For an order imposing a constructive trust upon the Defendants to compel them to

7        transfer wages that have been wrongfully obtained and held by Defendants to unpaid

8        employees;

9   k.   For an accounting to determine all money wrongfully obtained and held by Defendants;

10  l.   For a declaratory judgment that Defendants have violated Labor Code §§ 201, 202,

11       203, 204, 223, 226(a), 510, 1198, and 2802, and the "Hours and Days of Work" and

12       "Minimum Wage" sections of the Wage Order of the Industrial Welfare Commission;

13  m.   For pre and post-judgment interest; and

14  n.   For such other relief as the Court deems just and proper.

15

16  Dated: May 28, 2019                    GRAHAM**HOLLIS** APC

17

18                                    By: _Nathan Reese_____

19                                        GRAHAM HOLLIS
                                          VILMARIE CORDERO
                                          NATHAN REESE
20                                        Attorneys for Plaintiff
                                          MEGAN ROUGH

21

22

23

24

25

26

27

28

18

**CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| GRAHAMHOLLIS, APC<br>Graham S.P. Hollis (SBN 120577), Vilmarie Cordero (SBN 268860)<br>Nathan Reese (SBN 283150)<br>3555 Fifth Avenue, Suite 200, San Diego, California 92103<br>TELEPHONE NO.: (619) 692-0800   FAX NO.: (619) 692-0822<br>ATTORNEY FOR *(Name):* Megan Rough | ENDORSED FILED<br>Clerk of the Superior Court<br>MAY 2 8 2019<br>R. PULIDO<br>By_____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 580 Texas Street
MAILING ADDRESS: 580 Texas Street
CITY AND ZIP CODE: Fairfield, 94533
BRANCH NAME: Old Solano Courthouse

CASE NAME:
Megan Rough v. Costco Wholesale Corporation, Delaware corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | FCS 052953<br>JUDGE:<br>DEPT: Wendy G. Getty |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 28, 2019
Nathan Reese
_____
(TYPE OR PRINT NAME)          ▶          /s/ Nathan Reese
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

By Fax



## SOLANO COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

> The judges of the Civil Division agree that parties should consider using Alternative
> Dispute Resolution (ADR) to settle their cases.  To tell the court you will use ADR:
> - Choose ADR on the Case Management Statement (CM-110) or
> - File a Stipulation and Order - ADR or
> - Agree to ADR at your first court appearance
>
> Questions?  Call (707) 207-7413 or go to ***www.solano.courts.ca.gov/adr***

The following information about the ADR Programs available at the Solano Court is provided in addition to the information in the "Civil Mediation" brochure:

### Pro Bono Mediation Program:

The Pro Bono Mediation panelists are the same mediators on the listing of mediators who provide their services without cost when ordered by the judge.

Request Pro Bono Mediation by entering the program name on the Case Management Statement or on the Stipulation and Order – ADR (Alternative Dispute Resolution). Attach a declaration to the Stipulation and Order – ADR describing why mediation services should be provided without costs to the parties.

### Private Mediation and Arbitration:

Parties may select a mediator or arbitrator of their choice including someone not on the listings maintained by the court.  If a private mediator, arbitrator or evaluator is selected who is not on the court maintained listing, your selection must be approved by the court.

### Fees:

The court requires the fees for ADR to be split equally by the parties at the rate set by the mediator/arbitrator/evaluator unless otherwise ordered by the court.  Fees are usually charged on an hourly basis.  The court offers "no fee" mediation to parties who cannot afford to pay for mediation.  A party may request "no fee mediation" at the Case Management Conference or by filing a "Stipulation and Order – Alternative Dispute Resolution" and attaching a declaration stating why mediation services should be provided at no cost to the parties.

**Helpful Early Neutral Case Evaluation Program:**

The Helpful Early Neutral Case Evaluation Program provides an opportunity for litigants to resolve their conflict at the early stages of their case. Litigants meet with a neutral evaluator, who as an experienced attorney with subject matter experience that relates to the specific case type, assists the litigants to reach a mutual resolution to their case.

The Helpful Early Neutral Case Evaluation Program may be appropriate when the parties want to participate in a non-adversary procedure.




**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO**

**CIVIL MEDIATION CENTER**



*DEDICATED TO PROVIDING ACCESS TO FAIR AND IMPARTIAL JUSTICE FOR ALL*

Civil Mediation Center
Old Courthouse
580 Texas St.
Fairfield, CA 94533
(707) 207-7413
FAX (707) 425-4996

**Alternative Dispute Resolution**

## Introduction

Alternative Dispute Resolution (ADR) is a general term for a wide variety of dispute resolution processes that are alternative to litigation. Types of ADR processes include mediation, arbitration and settlement conferences, among other forms.

## Advantages of ADR

ADR can have a number of advantages.

- ADR can save time. A dispute can be resolved in a matter of months, even weeks, while litigation can take years.

- ADR can save money. Attorney fees, court costs and expert fees can be reduced.

- ADR invites more participation. Parties have more chances to express their interest and concerns instead of focusing exclusively on legal rights.

- ADR allows more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation.

- ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

## Main Form of ADR Offered by the Court

## Mediation

Mediation is an informal, confidential process in which a neutral person (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities of their dispute. The mediator helps each side to explore options and arrive at a mutual acceptable resolution. The mediator does not decide the dispute, the parties do.

Mediation may be appropriate when: The parties want a non-adversary procedure; the parties have a continuing business or personal relationship; communication problems are interfering with a resolution; there is an emotional element involved; the parties are interested in an injunction, consent decree, or other form of equitable relief.

## Arbitration

Arbitration is normally an informal process in which a neutral person (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give each side a resolution of their dispute when they cannot agree between themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when: the action is for personal injury, property damage, breach of contract; when only monetary damage is sought; witness testimony under oath is desired; an advisory opinion is sought from an experienced litigator (if non-binding arbitration)

**F I L E D**
Clerk of the Superior Court

DEC – 5 2014

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SOLANO   By_____
DEPUTY CLERK

1

2

3

4    In re Complex Litigation              Standing Order No. 2015-001-CV

5                                          AMENDED STANDING ORDER FOR
                                           ELECTRONIC SERVICE OF
6                                          DOCUMENTS IN COMPLEX
7                                          LITIGATION

8    _____

9    A.    FINDINGS

10         The court finds that entry of a standing order requiring mandatory electronic service

11   of all pleadings and documents in all cases that it identifies as "complex" per California

12   Rules of Court, rule 3.403 will benefit the court, attorneys, and litigants, and will further the

13   orderly conduct and management of complex litigation in this jurisdiction. The court further

14   finds that electronic service will not cause undue hardship or significant prejudice to any

15   party.

16   B.    ELECTRONIC SERVICE OF DOCUMENTS

17         1.    Effective January 1, 2015, the court orders that all documents shall be served

18   electronically as set forth in this order and in California Rules of Court, rule 2.251.  This

19   standing order shall apply to all cases pending on January 1, 2015, and to all cases filed on

20   or after January 1, 2015. Unless otherwise agreed by the parties, this order does not apply to

21   any documents filed or served prior to January 1, 2015.

22         2.    Original documents must be filed with the court as required by the Code of

23   Civil Procedure, the California Rules of Court, or the local rules of the Superior Court of

24   California, County of Solano. Nothing in this standing order shall be construed to require or

25   permit electronic filing of documents with the court.

AMENDED Standing Order 2015-001-CV

1    3.    Per California Rules of Court, rule 2.253(b)(1)(F), this standing order shall

2    apply only to cases designated as complex per California Rules of Court, rules 3.400

3    through 3.403.

4    4.    This standing order shall apply to all attorneys in a complex matter.  This

5    standing order shall apply to self-represented litigants only if they elect to participate in

6    electronic service.  Unrepresented litigants who do not elect to participate in electronic

7    service shall serve and shall be served documents in the manner required by the Code of

8    Civil Procedure, the California Rules of Court, and/or the local rules of the Superior Court

9    of California, County of Solano.

10    5.    The following documents shall <u>not</u> be served electronically:

11        a.    Documents filed under seal or subject to a pending motion to seal, unless

12    electronic service is permitted or required by specific court order.

13        b.    Documents directed to an unrepresented party who has not elected to

14    participate in electronic service.

15        c.    A summons, complaint, or cross-complaint.

16    6.    The documents enumerated in (B)(5), *supra*, shall be served pursuant to the

17    applicable provisions of the Code of Civil Procedure, California Rules of Court, and/or the

18    local rules of the Superior Court of California, County of Solano.

19  C.    DEFINITIONS

20    1.    The definitions in California Rules of Court, rule 2.250(b) shall apply to this

21    standing order.

22    2.    The term "plaintiff" includes a cross-complainant or an intervenor.

23    3.    The term "initial complaint" includes a cross-complaint or a complaint in

24    intervention.

25

AMENDED Standing Order 2015-001-CV

4.      The term "amended complaint" includes an amended cross-complaint or an amended complaint in intervention.

D.      DESIGNATION OF ELECTRONIC SERVICE PROVIDER

1.      The court designates File & ServeXpress as the electronic service provider ("the ESP"). File & ServeXpress shall serve as the ESP absent notice by the court that the ESP has been changed or further court order.  File & ServeXpress may be contacted by visiting http://www.fileandservexpress.com or by calling 888-529-7587.

E.      NOTICE OF STANDING ORDER

1.      If a plaintiff designates the case as complex on the initial complaint, a copy of this standing order shall be served on all defendants concurrently with the summons and complaint.  If a plaintiff does not designate the case as complex on the initial complaint but designates it as complex on an amended complaint, a copy of this standing order shall be served on all defendants concurrently with the amended complaint.

2.      If a defendant designates the case as complex on the initial answer, a copy of this standing order shall be served on all plaintiffs concurrently with the answer.  If a defendant does not designate the case as complex on the initial answer but designates it as complex on an amended answer, a copy of this standing order shall be served on all plaintiffs concurrently with the amended answer.

3.      If neither party designates the case as complex but the court determines the case is complex per California Rules of Court, rule 3.403(b), the plaintiff shall serve a copy of this standing order on all defendants within 5 calendar days of being notified by the court of the complex designation.

4.      Any party that joins a new party into this action shall serve a copy of this standing order on the new party at the time of initial service.

AMENDED Standing Order 2015-001-CV

**F.    REGISTRATION WITH ELECTRONIC SERVICE PROVIDER**

Upon the court designating a civil action as complex per California Rules of Court, rules 3.402 and 3.403, the following registration procedures shall apply:

1.    Within 15 days of the court's designation of the case as complex, the plaintiff's attorney, or the plaintiff if self-represented, shall submit to the ESP and to the court a complete and current list of the parties, party types, and counsel representing each party. The list shall include the names of any lead and other associated attorneys, together with addresses, telephone and facsimile numbers, and e-mail addresses. All lists shall be sent to the following e-mail address: eservice@fileandservexpress.com. The ESP shall promptly notify all Registered Users of any changes to this e-mail address.

2.    If an unrepresented party affirmatively consents to electronic service, the plaintiff's attorney, or the plaintiff if self-represented, shall submit to the ESP and to the court the unrepresented party's address, telephone number, facsimile number, and e-mail address in the same manner and within the same time limits as for attorneys.

3.    All attorneys, and any unrepresented parties who consent to electronic service, shall register with the ESP in the manner designated by the ESP.

4.    Each attorney and unrepresented party registered with the ESP shall keep his or her service information current and accurate with the ESP, all other attorneys and unrepresented parties, and the court.

5.    Each attorney and unrepresented party registered with the ESP shall be referred to in this order as a "Registered User."

**G.    ESTABLISHMENT AND STRUCTURE OF COMPLEX LITIGATION WEBSITE**

1.    For each complex litigation case subject to this standing order, the ESP shall establish and maintain an Internet website ("the Website"). The ESP shall post to the Website

1   all documents submitted to the ESP by any Registered User and shall serve each document

2   pursuant to the service list provided to the ESP in accordance with the procedures herein.

3       2.    Access to the Website will be limited to Registered Users and authorized court

4   personnel. The ESP will provide each Registered User and authorized court personnel with a

5   user name and password to access the Website and the documents served in this action. The

6   ESP personnel will perform all administrative functions for the Website, but all initial data,

7   additions, deletions or changes to the service list must be submitted by the attorneys and/or

8   parties.

9       3.    All documents posted on the Website will be identified by: (1) the name of the

10  serving party or attorney; (2) the caption(s) of the case(s) to which the document belongs; (3)

11  the title of the document set forth on its caption; and (4) the identity of the party on whose

12  behalf the document is being served.

13      4.    The Website shall contain an index of all served documents for the litigation

14  that will be searchable and sortable according to methods that provide useful access to the

15  documents.

16  **H.    CONTENT AND FORMAT OF DOCUMENTS SERVED THROUGH THE ESP**

17      1.    The document shall be served to the ESP either as a word-processing file or as a

18  scanned image of the document. Each document shall be titled so as to identify the type and

19  purpose of such document and the identity of the attorney or party who is serving such

20  document.

21      2.    Every pleading, document and instrument served electronically shall bear a

22  facsimile or typographical signature of at least one of the serving attorneys and/or parties,

23  along with the typed name, address, telephone number and State Bar of California number,

24  where applicable, of such attorney or party. Typographical signatures shall be treated exactly

25  as personal signatures for purposes of electronically served documents under the Code of Civil

AMENDED Standing Order 2015-001-CV

1    Procedure. The attorney and/or party serving any document requiring multiple signatures (e.g.,
2    stipulations, joint status reports) must list thereon all the names of other signatories by means
3    of a "__s/__" block for each. By submitting such a document, the serving party certifies that
4    each of the other signatories has expressly agreed to the form and substance of the document
5    and that the serving attorney or party has the actual authority to submit the document
6    electronically. The serving attorney or party must maintain any records evidencing this
7    occurrence for subsequent production to the court if so ordered or for inspection upon request
8    by any party.

9        3.    A Registered User's service of any document through the ESP shall be deemed
10   to include an implied warranty that to the best of the Registered User's knowledge, the
11   transmitted document does not contain malware.

12   I.    PROCEDURE FOR SERVICE THROUGH THE ESP

13       1.    A document shall be served through electronic transmission to the ESP over the
14   Internet.

15       2.    After the ESP receives a document, the ESP shall convert such document into
16   Adobe Portable Document Format ("PDF") and post it to the Website within one (1) hour of
17   receipt.

18       3.    Within one (1) hour of the time a document is posted to the Website, the ESP
19   will notify all Registered Users that a document has been posted to the Website. Registered
20   Users will also receive a courtesy e-mail notification of a filing with which they have been
21   served. The email shall contain a hyperlink to the document location(s) on the Website .

22       5.    Each Registered User shall retain an original dated hard copy with hand written
23   signature of all documents served electronically by that Registered User. All such hard copies
24   shall be made available for inspection in the manner set forth in California Rules of Court,
25   rules 2.251(i) and 2.257(a).

AMENDED Standing Order 2015-001-CV

1   **J.   PROOFS OF SERVICE**

2       1.       Written proofs of electronic service shall conform to Code of Civil Procedure

3   section 1013a and California Rules of Court, rule 2.251(i).   The ESP's transaction receipt may

4   operate as the proof of service so long as it complies with California Rules of Court, rule

5   2.251(i), and California Code of Civil Procedure section 1013a.

6       3.       A proof of service page may be attached to the last page of any electronically

7   served document. Neither a separate caption page nor a separate filing of the proof of service is

8   required so long as the proof of service page contains a caption referencing the case name and

9   action number, is attached as the last page of the electronically served document to which it

10  refers, and references the ESP's transaction receipt.

11  **K.   EFFECT OF ELECTRONIC SERVICE**

12      1.       Each document electronically served pursuant to this standing order shall be

13  presumed to have been served in compliance with the Code of Civil Procedure.

14      2.       The effective date of service shall be governed by California Rules of Court,

15  rule 2.251(h).

16  **L.   TECHNICAL PROBLEMS AND ERRORS**

17      1.       If electronic service does not occur or is delayed because of (1) an error in

18  the transmission of the document to the ESP or served party which was unknown to the

19  sending party, (2) a failure to process the electronic document when received by the ESP,

20  (3) an erroneous exclusion from the service list, or (4) other technical problems experienced by

21  the ESP, the party or parties affected shall, absent extraordinary circumstances, be entitled to

22  an extension for any response or the period within which any right, duty, or other act must be

23  performed, provided the Registered User demonstrates that he or she attempted to file or

24  complete service on a particular day and time.

25

1    2.    In the event the technical difficulties described above result in a Registered User

2  being unable to comply with a statutory, court-ordered, or mutually-agreed deadline, the

3  Registered User may obtain an ex parte court order granting an extension of time by following

4  the standard ex parte procedure in the California Rules of Court and the court's local rules.

5  Provided the technical problem has been resolved and the Website is operating normally,

6  notice of the ex parte application may be given through the ESP. In addition to the ex parte

7  application, the Registered User shall file and serve a declaration which describes the

8  attempt(s) made, provides the reason service did not occur or was delayed, states how and

9  when the non-service or delay in service was discovered, details the person's efforts made to

10  rectify the situation, and states with specificity the extension of time sought.

11    3.    If the technical difficulties described above do not prevent a Registered User

12  from meeting a statutory, court-ordered, or mutually-agreed deadline, the Registered User may

13  file and serve a declaration which describes the attempt(s) made to serve the documents,

14  provides the reason(s) service did not occur or was delayed, states how and when the non-

15  service or delay in service was discovered, details the person's efforts made to rectify the

16  situation, and states with specificity the extension of time the party believes appropriate.

17  M.    ELECTRONIC SERVICE OF ORDERS AND OTHER PAPERS BY COURT

18        The court may serve notices, orders, and other documents electronically subject to the

19  provisions of this order.

20  N.    MODIFICATIONS TO STANDING ORDER

21        The court may, on a party's motion or on its own motion, order modifications to this

22  standing order in a specific case.

23  It is so ordered.

24  Date: _12 - 4- 14_

Scott L. Kays
Supervising Judge, Civil Division

AMENDED Standing Order 2015-001-CV



**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

Plaintiff(s): MEGAN ROUGH

Defendant(s): COSTCO WHOLESALE CORPORATION

Case No.  FCS052953

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES**

---

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN
CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:

      Date:  SEPTEMBER 18, 2019        Time:  9:00 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:
Judge Wendy Getty, Department 8

ALL HEARINGS WILL BE HELD AT:  580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management
Conference One and any Case Management Conference Two set by the court are as follows:

1.    Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.    Service and filing of any responsive pleadings must be within thirty (30) days after service of the
complaint. The time for filing responsive pleadings may not be extended except as authorized by law.
Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and
serving a responsive pleading within this deadline.

3.    Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment
of Judge for All Purposes* ("*Notice of CMC One*") on all defendants with the complaint.

4.    Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-
defendant with the cross-complaint.

5.    Any cross-complaint served after Case Management Conference One has been held shall have a *Notice
of Case Management Conference Two* served with it.

6.    At least thirty days before the date set for Case Management Conference One, all counsel and self-
represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.

7.    A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on
all parties by each counsel by the 15th calendar day before the date set for Case Management Conference
One.

8.    At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00
on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

9.   At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10.   Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11.   At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12.   The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
> http://www.courts.ca.gov/rules.htm
> http://www.solano.courts.ca.gov/LocalRulesofCourt.html

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☑   I personally served the person named below on (date): _____5/28/19_____ at

(time) _____1:13 PM_____

Name: _____JOAQUIA FONTENOT_____

☐ Party      ☐ Attorney of Record      ☑ Representative

> I, _____JOAQUIA FONTENOT_____ , acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*
>
> Date: _____5/28/19_____          Signature _____

☐   I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date:  5/28/19                          Clerk of the Court
                                        Superior Court of California, County of Solano

                                        By: _____ R. PULIDO _____

                                                 Deputy Clerk

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**