UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN ROUGH, individually and on behalf of all similarly situated current and former employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:19-cv-01340-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Megan Rough ("Plaintiff") seeks relief from Defendant Costco Wholesale Corporation ("Defendant") for violations of the California Labor Code and the Industrial Welfare Commission Wage Orders. Plaintiff, individually and on behalf of all other similarly situated employees, filed a Class Action Complaint in the Superior Court of California, County of Solano, after which Defendant removed Plaintiff's case to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1. Presently before the Court is Defendant's Motion to Change Venue to the Central District of California under the "first-to-file rule" where the case Nevarez v.

///

1

Costco Wholesale Corp., C.D. Cal. Case No. 2:19-cv-03454-SVW-Skx ("Nevarez"), is already pending. ECF No. 11.[1]  For the following reasons, that Motion is DENIED.[2]

## BACKGROUND[3]

Plaintiff brings the present action on behalf of herself and all current and former non-exempt, hourly-paid employees who worked for Defendant within California and who worked one or more closing shifts during the period from four years preceding the filing of this Complaint to final judgment.  Defendant employed Plaintiff as a front-end associate in its warehouse store located in Woodland, California, from December 2017 to January 2018, and in another warehouse located in Vacaville, California, from March 2018 to April 2019.

Plaintiff alleges that she and other similarly situated employees continued to work after business hours at Defendant's stores.  More specifically, after the stores' doors were closed to customers and locked, Defendant required Plaintiff and other similarly situated employees to clock out and then walk to a designated exit location.  The employees then had to call and wait for a manager to meet them at the designated exit location.  When the manager arrived, he or she would inspect the employees' bags for store merchandise.  After checking the employees' bags, the manager would radio the stores' security guards to ensure the parking lot was safe before the exit doors were opened.

According to Plaintiff, employees were not relieved of their duties until several minutes after clocking out and were not compensated for the time they were on-duty and

---

[1] Another similar later-filed case, Mosley v. Costco Wholesale Corp., C.D. Cal. Case No. 2:19-cv-07935-SVW-SKx ("Mosley"), is also proceeding before the same Central District of California court.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Class Action Complaint.  ECF No. 1-2.

required to complete the exit security procedure. Plaintiff defines two classes of similarly situated employees. First, Plaintiff seeks to represent the Closing-Shift Class, which includes all current and former non-exempt employees who worked at Defendant's warehouse stores and who worked one or more closing shifts at any time from four years prior to the filing of the Complaint to the present. Second, Plaintiff seeks to represent a subclass of employees entitled the Waiting Time Penalties Subclass, which includes all members of the Closing-Shift Class whose employment with Defendant ended at any time from three years prior to filing the Complaint to the present. The Complaint alleges the following claims under state law: (1) Failure to Pay Minimum and Regular Wages; (2) Failure to Pay All Overtime Wages; (3) Failure to Provide Accurate Wage Statements; (4) Failure to Timely Pay All Wages Due Upon Separation of Employment; and (5) Violation of California Business and Professions Code §§ 17200 et seq.

## ANALYSIS

The Nevarez action was filed well before this one, and the plaintiff in that case pursues claims overlapping those brought here. More specifically, the plaintiffs in Nevarez also sought to represent various classes of Defendant's employees in pursuit of California wage and hour claims based on Defendant's bag-checking and closing-shift exit procedures. Given the similarity between that case and this one and between the relative classes of employees, Defendant thus seeks to transfer this action so it may be heard in conjunction with Nevarez and the subsequently filed Mosley case.

"[W]hen duplicative actions are filed in courts of concurrent jurisdiction, the court 'which first acquired jurisdiction generally should proceed with the litigation.'" Horne v. Nissan North America, Inc., Case No. 17-cv-00436-MCE-DB, 2018 WL 746467, at *3 (E.D. Cal. Feb. 6, 2018) (quoting Negrete v. Petsmart, Inc., 2013 WL 4853995, at *2 (E.D. Cal. Sep. 10, 2013)). "The second-filed district court may, in its discretion, transfer, stay, or dismiss the case." Id. at *2. This "first-to-file rule is discretionary and should be

applied 'with a view to the dictates of sound judicial administration.'" Id. (quoting Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1161 (9th Cir. 2011)).

In this instance, both the parties and the claims are substantially similar.  That said, the court in Nevarez declined to certify a class and thereafter remanded the matter to state court on the basis that it consequently lacked jurisdiction under CAFA.  In addition, the Mosley plaintiff has now voluntarily dismissed that action as well.  Accordingly, there is very little to be gained by transferring this action to a court that never reached the merits of the claims presented and no longer has any cases pending before it.  Defendant's Motion to Transfer is thus DENIED.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Change Venue, ECF No. 11, is DENIED.

IT IS SO ORDERED.

Dated:  April 21, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE