UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN ROUGH, individually and on behalf of all similarly situated current and former employees of Defendants in the State of California;<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:19-cv-01340-MCE-DB<br><br>**ORDER** |

Through this action, Plaintiff Megan Rough ("Plaintiff") seeks relief from Defendant Costco Wholesale Corporation ("Defendant") for violations of the California Labor Code and the Industrial Welfare Commission Wage Orders. Plaintiff, individually and on behalf of all other similarly situated employees, filed a Class Action Complaint in the Superior Court of California, County of Solano, after which Defendant removed the case to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1. The Court issued its Initial Pretrial Scheduling Order that same day and thereafter denied a Motion to Remand and a Motion to Change Venue. ECF Nos. 2, 14, 17. Presently before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint

("FAC") pursuant to Federal Rules of Civil Procedure 15(a).[1]  ECF No. 19.  That Motion is GRANTED.

Rule 15(a), under which Plaintiff's Motion is brought, provides that "[t]he [C]ourt should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  The policy of favoring amendments to pleadings, as evinced by Rule 15(a), "should be applied with extreme liberality."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations and quotation marks omitted).  Once a district court has filed a pretrial scheduling order pursuant to Rule 16, however, that Rule's standards control.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Prior to the final pretrial conference in this matter, which has not yet been scheduled before the undersigned, the Court can modify its scheduling order upon a showing of "good cause."  See Fed. R. Civ. P. 16(b).

As indicated above, the Court issued its IPSO the same day Plaintiff's case was removed.  One could therefore argue that on a technical basis Plaintiff has to satisfy the more rigorous "good cause" standard under Rule 16(b) despite the fact that the Court's Scheduling Order was issued at the very onset of the case, and further provided no restriction upon the parties' initial ability to amend their pleadings.  Nonetheless, because the Court believes that Plaintiff has satisfied the "good cause" standard in any event, any distinction between Rule 15(a) and Rule 16(b) is of no moment here.

"Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated:

> The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

> relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

In the present matter it appears that Plaintiff has exercised the requisite diligence. The request to amend was filed in the early stages of litigation and very shortly after the Court issued its orders denying remand and change of venue. It would not have made sense for Plaintiff to have sought amendment prior to that time. Moreover, it would also be premature for the Court to conclude on this record that Plaintiff's proposed amendment is futile. Finally, given the relatively early stage of this litigation, the Court does not find any prejudice will result from granting Plaintiff's request.

Accordingly, Plaintiff's Motion for Leave to File FAC (ECF No. 19) is GRANTED. Not later than five (5) days following the date this Order is electronically filed, Plaintiff is directed to file her FAC. If no FAC is timely filed, the case shall proceed on the operative Complaint.

IT IS SO ORDERED.

Dated: August 10, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE