GRAHAM**HOLLIS** APC
Graham Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Nathan Reese (SBN 283150)
nreese@grahamhollis.com
3555 Fifth Avenue Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiff MEGAN ROUGH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN ROUGH, individually and on behalf of all similarly situated current and former employees of DEFENDANTS in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01340-MCE-DB<br><br>**FIRST AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT [FED. R. CIV. PROC. RULE 23]**<br><br>1. Failure to Pay Minimum and Regular Wages;<br>2. Failure to Pay All Overtime Wages;<br>3. Failure to Provide Accurate Itemized Wage Statements;<br>4. Failure to Timely Pay All Wages Due Upon Separation of Employment; and<br>5. Violation of Business & Professions Code §17200, *et seq*.<br><br>**– JURY TRIAL DEMANDED –** |

Plaintiff MEGAN ROUGH (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated current and former employees of Defendants COSTCO WHOLESALE CORPORATION, and DOES 1 THROUGH 50, inclusive, (hereinafter "Defendants"), alleges as follows:

## I.

## INTRODUCTION

1. Plaintiff brings this putative class and individual action against Defendants COSTCO WHOLESALE CORPORATION, and DOES 1 THROUGH 50, for engaging in a pattern of wage and hour violations under the California Labor Code and the Industrial Welfare Commission ("IWC") Wage

Orders, all of which have contributed to Defendants' deliberate unfair competition.

2. Plaintiff brings this action on behalf of all current and former non-exempt employees who worked for Defendants in a Costco store in the State of California during the applicable relevant time period (hereinafter "similarly situated employees").

3. Plaintiff is informed and believes, and on that basis alleges, that Defendants decreased their employment-related costs by systematically violating California wage and hour laws and engaging in unlawful and unfair business practices.

4. Defendants' systematic pattern of wage and hour and IWC Wage Order violations toward Plaintiff and other similarly situated employees in California include, *inter alia*:

   a. Failure to pay all wage, including regular and minimum wage;

   b. Failure to pay all overtime wages;

   c. Failure to provide accurate itemized wage statements;

   d. Failure to timely pay wages due upon separation of employment; and

   e. Failure to reimburse for all business expenses.

5. Plaintiff brings this lawsuit seeking restitution, injunctive relief, and monetary relief against Defendants, on behalf of herself and all other similarly-situated current and former employees in California, to recover, among other things, unpaid wages, interest, attorney's fees, damages, liquidated damages, penalties, and costs pursuant to Labor Code §§ 201, 202, 203, 218.5, 226, 510, 1194; the Business and Professions Code §§17200, et seq.; and the provisions of the applicable IWC Wage Order.

6. Plaintiff reserves the right to name additional representatives throughout the State of California.

## II.

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff is an individual who worked for Defendants as a non-exempt employee working in a Costco Warehouse Store. She was not primarily engaged in administrative duties, and the majority of the work she performed was non-managerial in nature. Plaintiff was not primarily engaged in work directly related to management policies or general business operations of the Defendants. Plaintiff was not permitted to exercise discretion or independent judgment and could not hire or fire employees. At all

times, Plaintiff was a non-exempt employee and should have received the protections afforded by the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

8. Defendant COSTCO WHOLESALE CORPORATION, is organized under the laws of the State of Delaware and has its principal place of business in Issaquah, Washington.

9. Defendants operate several businesses and locations throughout California, including in Vacaville, California.

10. Plaintiff and all other current and former similarly situated employees are and were employees of Defendants within the meanings set forth in the Labor Code and IWC Wage Order at all times during the applicable statutory period.

11. Defendants' wrongful conduct, as herein alleged, occurred in the County of Solano and in various counties throughout the State of California. Plaintiff is informed and believes, and thereon alleges, that Defendants are, and at all relevant times were, authorized to do business and did business in the State of California, and were Plaintiff's and similarly situated employees' "employers" as defined in and subject to the California Labor Code and Industrial Welfare Commission Wage Orders.

12. The true names and capacities of the Defendants named as DOES 1 THROUGH 50, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitiously named Defendants when their true names are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious Defendants have participated in the acts alleged in this Complaint.

13. Plaintiff and all other similarly situated employees are, and at all relevant times were, employees of each Defendant, including DOES 1 THROUGH 50, within the meanings set forth in the California Labor Code and applicable Industrial Welfare Commission Wage Order.

14. At all relevant times, each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of each other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of the other.

15. Plaintiff's injuries as herein alleged were proximately caused by said Defendants. Wherever it is alleged herein that any act or omission was done or committed by any specially named Defendant or Defendants, Plaintiff intends thereby to allege and does allege that the same act or omission

was also done and committed by each and every Defendant named as a DOE, both separately and in concert or conspiracy with the named Defendant.

16. Each Defendant, whether named or fictitious, exercised control over Plaintiff's wages, working hours, and/or working conditions.

17. Each Defendant, whether named or fictitious, acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy, and the acts of each Defendant are legally attributable to the other Defendants.

18. Each Defendant, whether named or fictitious, was the alter ego of each of the other Defendants at all relevant times herein.

19. On information and belief, a unity of interest and ownership between each Defendant, whether named or fictitious, exists such that all Defendants acted as a single employer of Plaintiff and all other similarly situated employees.

20. Venue is proper in this Court pursuant to 28 U.S. Code § 1391 because a substantial part of the events or omissions giving rise to the claims alleged occurred within the Solano County in the Eastern District of California. Defendants maintain offices, transact business, and/or have an agent in Solano County and Defendants are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein arose in Solano County and have a direct effect on Plaintiff and other similarly situated employees within the State of California and Solano County. On information and belief, Defendants employ numerous individuals throughout Solano County and the State of California.

## III.

## GENERAL ALLEGATIONS

21. COSTCO WHOLESALE CORPORATION, ("COSTCO") is a publicly traded corporation. It operates wholesale warehouse stores throughout California, selling food, a variety of consumer goods, and services.

22. Defendants employed Plaintiff as a front end associate working in its warehouse store located in Woodland, California from approximately December 2017 to January 2018 and in Vacaville, California from approximately March 2018 to April 2019. Plaintiff was compensated on an hourly basis.

23. Defendants denied Plaintiff and, on information and belief, other similarly situated

employees in California specific rights afforded to them under the California Labor Code and the applicable Industrial Welfare Commission Wage Order ("IWC Wage Order"). For example, Defendant failed to timely pay Plaintiff and similarly situated employees all minimum, regular, and overtime wages owed, failed to maintain accurate records and issue accurate itemized wage statements, and failed to timely pay all wages due upon separation of employment.

24. Defendants maintain a "3-Minute Window ('Rounding')" policy, the effect of which is to provide a monetary payment to the employee for adherence to their assigned work schedule in addition to payment for hours actually worked. Under this policy Defendants will automatically round back 3 minutes after the start of shift, round forward 3 minutes before the end of shift, and round back 3 minutes at the end of a 30-minute lunch. In all cases the rounding is to the employee's advantage, and no additional work is required to be performed during these periods in order to receive the additional compensation. The existence of this policy is communicated to employees through their managers, supervisors, or payroll clerks.

25. As a result of Defendants' "3-Minute Window ('Rounding')" policy, Plaintiff and similarly situated employees are encouraged to clock in for work at or near their scheduled start time, clock out at or near the scheduled end of their shift, and clock back in at or near the scheduled end-time of their meal in order to receive additional compensation. The extra compensation paid to employees under the "3-Minute Window ('Rounding')" policy is money promised to an employee in addition to an hourly wage to induce the employee to adhere to and remain in compliance with their scheduled shift and is therefore a nondiscretionary punctuality bonus.

26. Because Plaintiff and other similarly situated employees often worked in excess of eight hours in a workday or forty hours in a workweek, they were due overtime compensation to be paid by Defendants at one and a half times their regular rate of pay. Defendants, however, did not factor Plaintiff's and similarly situated employees' additional compensation paid due to the "3-Minute Window ('Rounding')" bonus into the regular rate of pay for purposes of calculating overtime wages. As such, Plaintiff and similarly situated employees were regularly and systematically deprived of full compensation for all overtimes hours worked at the correct rate of pay for overtime.

27. In addition, when working a closing shift, Plaintiff and similarly situated employees

continued to work after the business hours for Defendants' stores and after the stores' doors were closed to customers and locked. After the doors were closed and locked, Plaintiff and similarly situated employees could not simply leave the store upon clocking out for their shifts. Instead, Defendants required Plaintiff and similarly situated employees to clock out and then walk to a designated exit location. Plaintiff and similarly situated employees then had to call a manager and wait for the manager to meet them at the designated exit location. It often took managers several minutes to meet Plaintiff and similarly situated employees at the exit location. After a manager arrived, he or she would inspect Plaintiff's and similarly situated employees' bags for store merchandise. The manager would then radio the stores' parking lot security guards to ensure the parking lot was safe before the exit doors were finally opened. It usually took Plaintiff and other similarly situated employees several minutes to complete this process. As such, Plaintiff and similarly situated employees were not relieved of all duties until several minutes after clocking out. Therefore, Plaintiff and similarly situated employees were not compensated for all of the time they were on-duty and required to complete the exit security procedure. Defendants then changed their Employee Agreement on March 4, 2019 to state that employees where to use an Exception Log to report any times when they were delayed from leaving the building after clocking out because of closing procedures.

28. As a result, Plaintiff and similarly situated employees did not receive the statutory minimum wage for all time suffered or permitted to work because they were not properly compensated at their regular rate of pay for all hours worked. Plaintiff and, on information and belief, similarly situated employees worked in excess of eight hours in a workday or forty hours in a workweek. As such, Defendants failed to provide them with overtime compensation for all hours worked.

29. As a direct result of Defendants' illegal policies and procedures, Defendants failed to maintain accurate records reflecting all of Plaintiff's and, on information and belief, other similarly situated employees' time worked and wages paid, in violation of California law. In addition, Defendants failed to provide accurate wage statements showing the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate.

30. As a direct result of the aforementioned Labor Code violations, Defendants did not pay Plaintiff and, on information and belief, all similarly situated employees all wages due and payable upon

**FIRST AMENDED CLASS ACTION COMPLAINT**

separation of employment, including minimum, regular, and overtimes wages for all hours worked, as required pursuant to Labor Code sections 201 and 202.

## IV.

## CLASS ACTION DESIGNATION

31. Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

32. Plaintiff brings Causes of Action One through Five as a Class Action pursuant to Federal Rules of Civil Procedure, Rule 23 on behalf of herself and all current and former non-exempt employees of Defendants.

33. Plaintiff seeks to represent the following Class, which is defined as:

**The Non-Exempt Class**:

"All current and former non-exempt employees who worked for Defendants in the State of California at any time from four years prior to the filing of the Complaint through the present."

34. Plaintiff also seeks to represent the following Subclasses, which are defined as:

**The Waiting Time Penalties Subclass:**

"All members of the Non-Exempt Class, whose employment with Defendants ended at any time from three years priors to the filing of the Complaint through the present."

**The Closing-Shift Subclass:**

"All members of the Non-Exempt Class, who worked for Defendants in the State of California at one of Defendants' warehouse stores and who worked one or more closing shifts at any time from four years prior to the filing of the Complaint to March 4, 2019."

35. **Reservation of Rights**: Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or limitation to particular issues.

36. Causes of Action One through Five are appropriately suited for a class action pursuant to Federal Rules of Civil Procedure, Rule 23 because the following requirements are met:

A. **Numerosity**

The members of the Class and Subclasses are sufficiently numerous to render the joinder of all their members impracticable. While Plaintiff has not yet determined the precise number of members of the Class and Subclasses, Plaintiff is informed and believes that the Class and Subclasses likely consist of over 25 individuals. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendants' time and payroll records and other personnel records.

B. **Commonality and Predominance**

Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclasses. The common questions of law and fact that predominate include, but are not limited to:

    a. Whether Defendants failed to compensate Class members for all time worked, including minimum, regular, and overtime wages;

    b. Whether Defendants failed to provide Class members with accurate itemized wage statements showing, among other things, the number of hours worked and the correct amount of gross and net wages earned; and

    c. Whether Defendants failed to pay Waiting Time Penalties Subclass members all of their wages owed within the required time frames upon separation of employment.

    d. Whether Defendants properly calculated overtime using the correct regular rate of pay and paid all overtime compensation due.

C. **Typicality**

Plaintiff's claims are typical of the claims of all class members of each class because Plaintiff and all class members' claims arise from the same event, practice and/or course of conduct of Defendants. Plaintiff and all class members sustained injuries and damages as a result of Defendants' illegal policies, practices and/or common course of conduct in violation of California wage and hour laws and/or illegal, unfair, or fraudulent business practices.

Furthermore, Plaintiff's claims under the Labor Code and the applicable IWC Wage Order are typical of the Class and Subclasses because Defendants' failure to comply with the provisions of California's wage and hour laws entitles Plaintiff and each class member to similar pay, benefits, and

other relief. Accordingly, the legal theories underlying each cause of action are the same and the remedies sought by Plaintiff and all class members are the same.

**D.  Adequacy of Representation**

Plaintiff has no fundamental conflict of interest with the Class or Subclasses she seeks to represent. Plaintiff will adequately protect the interests of all class members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to her and putative class members.

Plaintiff retained attorneys who are experienced employment law litigators with significant wage and hour and class action experience.

**E.  Superiority of Class Action**

Plaintiff believes a class action is a superior method of litigation for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable. Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

Plaintiff knows of no difficulty that might be encountered in the management of this suit, which would preclude maintenance as a class action.

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM AND REGULAR WAGES**

(Violation of Labor Code §§ 1194, 1197, and 1198 and the "Minimum Wages" section of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and on Behalf of the Closing-Shift Subclass Against Defendants)

37. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

38. Labor Code § 1197 provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum wage so fixed is unlawful."

39. The "Minimum Wages" section of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum for all hours worked.

40. The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

41. Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

42. Defendants failed to pay Plaintiff and, on information and belief, the Closing-Shift Subclass at least minimum wage for all the time spent working and under the control of Defendants. For example, Defendants required Plaintiff and, on information and belief, the Closing-Shift Subclass to wait for several minutes after they had clocked out and participate in lengthy security procedures before they were fully off-duty and allowed to leave the stores were they worked.

43. When working a closing shift, Plaintiff and the Closing-Shift Subclass continued to work after the business hours for Defendants' stores and after the stores' doors were closed and locked. Plaintiff and the Closing-Shift Subclass could not simply leave the store upon clocking out for their shifts. Instead, they were required to clock out and then walk to a designated exit location. Plaintiff and the Closing-Shift Subclass then had to call a manager and wait for the manager to meet them at the designated exit location. It often took the managers several minutes to meet Plaintiff and the Closing-Shift Subclass at the exit location. After a manager arrived, the manager would inspect Plaintiff's and the Closing-Shift Subclass's bags to ensure nothing was being stolen from the store. The manager would then radio the stores' parking lot security guards to ensure the parking lot was safe before the exit doors were finally opened. It usually took Plaintiff and, on information and belief, the Closing-Shift Subclass several minutes to complete this process. As such, Plaintiff and the Closing-Shift Subclass were not relieved of their duties until several minutes after clocking out for work. Therefore, Plaintiff and the Closing-Shift Subclass were not compensated for all of the time they were on-duty and required to complete the lengthy exit security procedure.

44. Labor Code § 1194 provides, in part, that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

45. Labor Code § 1194.2 allows an employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code § 1194.

46. Plaintiff and the Closing-Shift Subclass suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

47. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to, any and all wages due, monies, interest, liquidated damages, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

(Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and on Behalf of the Non-Exempt Class Against Defendants)

48. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

49. Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." The "Hours and Days of Work" section of the applicable IWC Wage Order mandate the same requirements.

50. Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

51. Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

52. The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

53. In California, overtime is computed based on the regular rate of pay. The regular rate of pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

54. Plaintiff and, on information and belief, the Non-Exempt Class regularly worked over eight hours per day and 40 hours per week while employed by Defendants. Plaintiff and, on information and belief, the Non-Exempt Class did not receive all overtime compensation owed for all overtime hours worked over eight hours per day and/or 40 hours per week, and/or for every hour worked during the seventh day of work, at the applicable overtime rate during their employment with Defendants.

55. Defendants failed to pay Plaintiff and, on information and belief, the Non-Exempt Class at the proper overtime rate for all the time spent working and under the control of Defendants. Defendants failed to include all forms of compensation when calculating the regular rate of pay for purposes of calculating overtime. Defendants also failed to pay overtime compensation for all overtime hours worked over eight hours per day and/or 40 hours per week.

56. Plaintiff and the Non-Exempt Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

57. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

(Violation of Labor Code sections 226 and 1198 and

the "Records" section of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and On Behalf of The Non-Exempt Class Against Defendants)

58. Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

59. Plaintiff and Non-Exempt Class members were and are non-exempt employees of Defendants in California within the meaning of the Labor Code and the applicable IWC Wage Order.

60. Labor Code section 226(a) requires that employers, including Defendants, furnish their employees with each wage payment an accurate and itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number or his or her employee identification number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

61. Labor Code section 226(e), in part, permits employees suffering injury to collect the greater of all actual damages or the amount specified in Labor Code section 226 per violation.

62. Labor Code section 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."

63. Labor Code section 226(h) states, "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

64. Because of the Defendants' illegal policies and procedures, Defendants failed to provide Plaintiff and Non-Exempt Class members with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued did not include the hourly rates of pay and the correct corresponding number of hour worked and the correct amount of gross and net wages earned as required under Labor Code section 226.

65. Defendants knowingly and intentionally failed to provide Plaintiff and Non-Exempt Class members an accurate itemized wage statement with each wage payment as required by Labor Code section 226(a). Defendants knowingly and intentionally failed to provide Plaintiff and members of the Non-Exempt Class with each wage payment an accurate wage statement showing, among other things, the gross and net wages earned.

66. Defendants' failure to provide accurate wage statements deprived Plaintiff and members of the Non-Exempt Class of the ability to promptly and easily understand and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants. Plaintiff and members of the Non-Exempt Class, therefore, had no way to dispute any error in the payment or calculation of their wages, all of which resulted in an unjustified economic enrichment to Defendants, and Plaintiff and members of the Non-Exempt Class suffered actual damages as a result.

67. Defendants' failure to provide accurate itemized wage statements constitutes an injury as defined under Labor Code section 226(e)(2)(B). Therefore, Plaintiff and members of the Non-Exempt Class have suffered an injury for purposes of Labor Code section 226 and are entitled to recover the greater of all actual damages or the amount specified in section 226 per violation.

68. Plaintiff and Non-Exempt Class members suffered and continue to suffer injuries, losses and actual damages as a direct result of Defendants' Labor Code violations, including lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations, in an amount to be shown according to proof at trial.

69. Plaintiff seeks to recover all available remedies including, but not limited to damages,

penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FOURTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violations of Labor Code sections 201, 201, 203, 1198, and the "Minimum Wages" and "Hours and Days of Work" sections of the Applicable IWC Wage Order)

(Alleged by Plaintiff Individually and on Behalf of The Waiting Time Penalties Subclass Against Defendants)

70. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

71. Labor Code § 201 requires Defendants to immediately pay any wages, without abatement or reduction, to any employee who is discharged. Labor Code § 202 requires Defendants to pay any and all wages due and owing to an employee not having a written contract for a definite period, who quits his or her employment, within 72 hours of the employee quitting his or her employment, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

72. For violation of Labor Code §§ 201 and 202, Labor Code § 203 causes the unpaid wages of an employee to continue as a penalty from the due date thereof, at the same rate until paid or until an action is commenced, but the wages shall not continue for more than 30 days.

73. As a result of Defendants' conduct during the applicable statutory period, Defendants willfully failed to pay Plaintiff and, on information and belief, the Waiting Time Penalties Subclass all wages due and owing to them, including minimum wages, overtime wages, and regular wages for all the time they were suffered or permitted to work or were engaged in work under Defendants' control, within the time required by Labor Code §§ 201 and 202, as applicable.

74. To date, Plaintiff has not yet received all wages due and payable, including but not limited to, minimum wages, overtime wages, and regular wages owing to her. On information and belief, members of the Waiting Time Penalties Subclass have not yet received all minimum wages, overtime wages, and regular wages due and owing to them.

75. As a direct result of Defendants' violations alleged herein, Plaintiff and the Waiting Time Penalties Subclass members suffered and continue to suffer losses related to the use and enjoyment of wages due and owing to them, all to their respective damage in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

76. Plaintiff seeks all available remedies for Defendants' violations to the fullest extent permissible.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, *ET SEQ*.

(Alleged by Plaintiff Individually and on Behalf of The Non-Exempt Class Against Defendants)

77. Plaintiff hereby incorporates by reference all preceding paragraphs set forth above as though fully set forth herein.

78. California Business & Professions Code section 17200, *et seq*., prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

79. Defendants' Labor Code and IWC Wage Order violations alleged herein constitute "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and Professions Code sections 17200-17208 and include, but are not limited to: (i) failure to provide compensation to Plaintiff and the Closing-Shift Subclass for all hours worked, including regularly, minimum, and overtime; (ii) failure to provide the Non-Exempt Class with overtime compensation at the correct rate for all overtime hours worked; (iii) failure to provide Plaintiff and the Non-Exempt Class with accurate itemized wage statements; and (iv) failure to timely pay Plaintiff and members of the Waiting Time Penalties Subclass all wages owed upon separation of their employment with Defendants.

80. Defendants intentionally avoided paying Plaintiff and the Non-Exempt Class all wages and/or monies, and other financial obligations attached thereto, to create for Defendants an artificially lower cost of doing business, and thus, undercut its competitors.

81. Defendants lowered the costs of doing business by paying Plaintiff and the Non-Exempt Class an amount less than what is required by the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission, thereby unfairly forcing Plaintiff and other similarly situated

employees to perform work without fair compensation and benefits.

82. Defendants held themselves out to Plaintiff and the Non-Exempt Class as being knowledgeable about, and adhering to, the employment laws of California at all times relevant herein. Plaintiff and the Non-Exempt Class relied on and believed in Defendants' representation concerning Defendants' adherence to the California laws, all to their detriment.

83. Defendants' scheme to lower their payroll and operation costs and thus profit, by withholding money owed to the class and withholding wages, compensation and benefits, which are all the property of Plaintiff and the Non-Exempt Class, in violation of the California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or practice," under California Business and Professions Code section 17200, *et seq*. As a result of Defendants' unfair competition, Plaintiff and the Non-Exempt Class suffered injury in fact by losing money and/or property.

84. Business and Professions Code section 17204, states, in relevant part, "[a]ctions for relief pursuant to this chapter shall be prosecuted…by…a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

85. Defendants acquired money and property owed to Plaintiff and the Non-Exempt Class by means of an unlawful practice that constitutes unfair competition as defined by Business and Professions Code section 17200, *et seq*.

86. Plaintiff and the Non-Exempt Class are persons in interest under Business and Professions Code section 17203 to whom money and property should be restored. Business and Professions Code section 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the Plaintiff meets the standing requirements of Section 17204."

87. Plaintiff is a person who suffered injury in fact and lost money, wages, compensation, and benefits, as a result of Defendants' unfair competition. Thus, pursuant to Business and Professions Code sections 17203 and 17204, Plaintiff may pursue representative claims and relief on behalf of herself and the putative classes.

88. Pursuant to Business and Professions Code section 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real

17
**FIRST AMENDED CLASS ACTION COMPLAINT**

or personal, which may have been acquired by means of such unfair competition."

89. Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the Non-Exempt Class by committing the unlawful acts alleged herein. Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code section 17203, and restore all unpaid wages to Plaintiff and the Non-Exempt Class.

90. Plaintiff and the Non-Exempt Class suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

91. Plaintiff seeks all available remedies on behalf of herself and on behalf of the Non-Exempt Class, including, but not limited to, restitution of all wages and all monies owed, all in an amount to be shown according to proof at trial. All such remedies are cumulative of relief available under other laws, pursuant to Business & Professions Code section 17205.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For general damages;

b. For special damages;

c. For actual damages pursuant to Labor Code § 226(e);

d. For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021, Labor Code §§ 218.5, 226, 1194, and any other application section.

e. For injunctive relief as provided by the Labor Code including but not limited to § 226(g) of the Labor Code, and Business and Professions Code §17200 *et seq.*;

f. For restitution as provided by Business and Professions Code §17200 *et seq.*;

g. For an order requiring Defendants to restore and disgorge all funds to Plaintiff acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §17200 *et seq*;

h. For an award of damages in the amount of unpaid compensation and monies including,

18
**FIRST AMENDED CLASS ACTION COMPLAINT**

but not limited to actual damages, unpaid wages, waiting time penalties and other penalties according to proof, including interest thereon;

i. For waiting time penalties pursuant to Labor Code §203;

j. For an order imposing a constructive trust upon the Defendants to compel them to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

k. For an accounting to determine all money wrongfully obtained and held by Defendants;

l. For a declaratory judgment that Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 510, 1198, and 2802, and the "Hours and Days of Work" and "Minimum Wage" sections of the Wage Order of the Industrial Welfare Commission;

m. For pre and post-judgment interest; and

n. For such other relief as the Court deems just and proper.

Dated: August 12, 2020                            GRAHAM**HOLLIS** APC

By: /s/ Nathan Reese
GRAHAM HOLLIS
NATHAN REESE
Attorneys for Plaintiff
MEGAN ROUGH

**FIRST AMENDED CLASS ACTION COMPLAINT**