UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN ROUGH, individually and on behalf of all similarly situated current and former employees of DEFENDANTS in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | No.  2:19-cv-01340-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiff Megan Rough seeks relief on behalf of herself and others similarly situated ("Plaintiff") against their former employer, Defendant Costco Wholesale Corporation ("Defendant").  According to the First Amended Complaint ("FAC") (ECF No. 32), Defendant failed to correctly pay Plaintiff all minimum, regular, and overtime wages owed by failing: (1) to factor a "nondiscretionary punctuality bonus" into the regular rate of pay for purposes of calculating overtime wages and (2) to compensate employees for off-the-clock ("OTC") time employees accrued between clocking out and completing Defendant's exit security procedures.  As a result, when Plaintiff's employment ended, she and members of the putative class purportedly failed to receive unpaid wages owed and received inaccurate wage statements.  Plaintiff's FAC

thus alleges five wage-and-hour causes of action for violations of the California Labor Code, the Industrial Welfare Commission ("IWC") Wage Order, and the California Business and Professions Code.

Presently before the Court is Defendant's Motion to Dismiss and Strike (ECF No. 33) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f),[1] on the grounds that the FAC fails to state claims on which relief can be granted regarding the alleged "nondiscretionary punctuality bonus" and should be stricken from the complaint. Defendant has also filed a Motion for Partial Summary Judgment pursuant to Rule 56 (ECF No. 39), to be considered in the event this Court does not grant Defendant's Rule 12 Motion. Pursuant to Rule 23, Plaintiff has also moved for class certification (ECF No. 46), while Defendant has filed a Motion to Deny Class Certification (ECF No. 44). Finally, in connection with the class certification motions, both sides have filed motions to strike evidence, and Plaintiff has filed a request to file a sur-reply. ECF Nos. 54, 55, 58, 68.

As set forth below, Defendant's Motion to Dismiss and to Strike (ECF No. 33) is DENIED as MOOT, Defendant's Motion for Partial Summary Judgment (ECF No. 39) and Motion to Deny Class Certification are GRANTED (ECF No. 44) and the remaining Motions are all DENIED.[2]

## BACKGROUND[3]

Plaintiff worked as a non-exempt employee for Defendant on or about December 2017 to January 2018 and March 2018 to April 2019. She alleges that, while working

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs. ECF Nos. 34, 40, 45, 50, 69; see E.D. Cal. Local Rule 230(g).

[3] Unless otherwise indicated, the facts set forth in this Section are taken, at times verbatim, from the Statement of Undisputed Facts in Support of Defendant's Motion for Partial Summary Judgment. ECF No. 39-2.

2

closing shifts during her employment, employees were required to work after clocking out.

More specifically, at the end of shifts, Defendant did not allow its employees to immediately leave the store through the front entrance. Instead, Defendant required employees to walk to a designated exit location and call for a manager. Once the manager arrived, a search of "employees' bags for store merchandise" was conducted. FAC, ECF No. 32, ¶ 27. The manager would then radio the parking lot security guards to ensure it was safe to open the exit doors. Employees were only allowed to exit the store upon confirmation from a manager.

These putative class members often had to wait "several minutes to complete this process . . . [and] were not relieved of all duties until several minutes after clocking out." Id. Accordingly, employees were not compensated for the exit security procedure. As a result, they were deprived of the statutory minimum wage for all time worked, leading to a miscalculation of the regular rate for the proper compensation of overtime pay for all hours worked.

Plaintiff also alleges Defendant maintains a "'3-Minute Window ('Rounding')' policy" (the "Rounding Policy") to provide compensation for adherence to assigned work schedules in addition to payment for hours actually worked. Id. ¶ 24. Under the Rounding Policy, employees receive pay as though they had clocked in or out at their scheduled times so long as they actually clocked in within a three-minute grace period.[4]

Plaintiff asserts the Rounding Policy is communicated to employees through managers, supervisors, and payroll clerks and that, since the Rounding Policy is used to "induce the employee to adhere to and remain in compliance with their scheduled shift[,] [it] is therefore a nondiscretionary punctuality bonus." Id. ¶ 25. Given that, Plaintiff further contends, "[t]he payments being made . . . are non-discretionary flat sums, which

---

[4] For example, an employee scheduled to start at 9:00 a.m. who clocked in at 9:01 a.m. would be compensated as if they had clocked in at their scheduled start time. This policy applies up until 9:03 AM, after which the employee would be paid based upon their actual time punch. FAC., ¶ 24; see also ECF No. 33-1, 5:10-17.

3

are to be taken into account in an employee's regular rate of pay." Plf. Opp. to Summ. J. Mot., ECF No. 43 at 10. Stated another way, Plaintiff contends that the Rounding Policy results in employees receiving pay for time not worked and should be considered a bonus, which would increase their hourly rate of pay for purposes of calculating their overtime rates. It follows, according to Plaintiff, that employees were "regularly and systematically deprived of full compensation for all overtime hours worked at the correct rate of pay for overtime." Id.

On May 28, 2019, Plaintiff filed the Complaint in California Superior Court, after which Defendant timely removed the action by asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2). Plaintiff asserts five causes of action for violation of: (1) Cal. Labor Code §§ 1194, 1197, and 1198 and the "Minimum Wages" section of the Applicable IWC Wage Order; (2) Cal. Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of the Applicable IWC Wage Order; (3) Cal. Labor Code §§ 226 and 1198 and the "Records" section of the Applicable IWC Wage Order; (4) Cal. Labor Code §§ 201, 203, 1198, and the "Minimum Wages" and "Hours and Days of Work" sections of the Applicable IWC Wage Order; and (5) Business and Professions Code §§ 17200, et seq., prohibiting acts of unfair competition ("UCL"). She seeks to represent a class of "[a]ll current and former non-exempt employees who worked for Defendants in the State of California at any time from four years prior to the filing of the Complaint through the present," totaling approximately 70,000 putative class members. Id. ¶ 33; Mot. Certify Class, ECF No. 46-1, 16:14. Additionally, Plaintiff seeks to establish three subclasses: (1) The Wage Statement Subclass, (2) The Waiting Time Penalties Subclass, and (3) The Closing-Shift Subclass. Id. at 6-7.

///
///
///
///

# STANDARD

## A. Motion to Dismiss and Strike

Because Defendant's Motion for Partial Summary Judgment is GRANTED, the Court need not address the Rule 12 Standard applicable to this Motion, which is DENIED as moot.

## B. Motion for Summary Judgment

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith

///

Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

6

obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

### C. Plaintiff's Motion for Class Certification/Defendant's Motion to Deny Class Certification

A court may certify a class if a plaintiff demonstrated that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met.  Fed. R. Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996).  Rule 23(a) requires numerosity, commonality, typicality, and adequacy.  Fed. R. Civ. P. 23(a).  Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b).

It is within the court's broad discretion to "determine whether a class should be certified, and to revisit that certification throughout the legal proceedings." Salas v. Toyota Motor Sales, U.S.A., Inc., No. CV 15-8629, 2019 WL 1940619, at *2 (C.D. Cal. Mar. 27, 2019) (quoting United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 593 F.3d 802, 810 (9th Cir. 2010)). The court is tasked with conducting a "rigorous" analysis before granting or denying class certification. This analysis may "entail some overlap with the merits of the plaintiff's underlying claim[,]" and the court may find it necessary to, at times, "probe behind the pleadings[.]"  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350-51, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011).  But, even so, "merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites . . . are satisfied." Amgen Inc. v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455, 466, 133 S. Ct. 1184, 185 L. Ed. 2d 308 (2013).

Rule 23 does not permit a "free-ranging merits inquir[y] . . . at the certification stage." Id.; see also Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 n.8 (9th Cir. 2011) (explaining that a district court's examination of the merits should take place "only inasmuch as [the court] must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims."). Class certification should not become a "mini-trial." Ellis, 657 F.3d at 983 n.8; see also Salas, 2019 WL 1940619, at *2.

## ANALYSIS

### A.   Motion for Partial Summary Judgment

Defendant moves for partial summary judgment of Plaintiff's claims involving Defendant's Rounding Policy. ECF No. 39. California law holds that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Labor Code § 510 (emphasis added). California law does not define what constitutes the regular rate of pay, but where there is an "absence of controlling or conflicting California law, California courts generally look to federal regulations under the [Fair Labor Standards Act ("FLSA")] for guidance." See's Candy Shops, Inc. v. Superior Court, 210 Cal. App. 4th 889, 903 (2012). Additionally, while not binding on the courts, the California Division of Labor Standards Enforcement's ("DLSE") Enforcement and Policy Manual ("DLSE Manual") "may be considered for persuasive value." See's Candy Shops, 210 Cal. App. 4th at 902.

FLSA defines the "'regular rate of pay' . . . to include all remuneration for employment paid to . . . the employee, but shall not be deemed to include…payments made for occasional periods when no work is performed . . . ." 29 U.S.C.A. § 207(e)(2). The DLSE Manual in turn provides that the regular rate must include "any sum paid for hours worked . . . [and] any payment for performing a duty." DLSE Manual (Rev. 2006)

1 § 49.1.2.3.  Further, a non-discretionary bonus must be included in the regular rate, and
2 "[b]onuses which are announced to employees to induce them to work more steadily or
3 more rapidly or more efficiently or to remain with the firm are regarded as part of the
4 regular rate of pay."  29 C.F.R. § 778.211.  The DLSE Manual defines a bonus as
5 "money promised to an employee in addition to the . . . hourly rate usually due as
6 compensation[,] . . . [a]n addition to salary or wages normally paid for extraordinary work,
7 [or a]n inducement to employees to procure efficient or faithful service."  DLSE Manual
8 (Rev. 2006) § 35.1.

9       Defendant asserts that the Rounding Policy is a lawful payment for time not
10 worked because "[employees] do not receive this pay for performing any duty" and there
11 was "no promise of a bonus announced to employees."  ECF 39-1 at 7-12.[5]  Defendant,
12 therefore, contends there is no question that an increased rate was warranted under the
13 Rounding Policy.  Id. at 12-14.  Plaintiff, on the other hand, alleges Defendant's
14 Rounding Policy was intended to pay employees "in addition to the employee's hourly
15 wage, and was paid to induce employees to adhere to and remain substantially in
16 compliance with their assigned shift," thus constituting a bonus.  ECF No. 43 at 10-11;
17 see also, FAC, ¶ 24-25.  Plaintiff thus contends that the Rounding Policy payments must
18 be calculated as part of the regular rate.  Id. at 11.

19       Plaintiff's unsupported claim that the Rounding Policy is a punctuality bonus is
20 dubious at best.  In fact, the policy actually encourages employees to clock in three
21 minutes late and to clock out three minutes early.  Moreover, if the Court were to accept
22 Plaintiff's argument, then regular rate of pay for essentially any employee in California, if
23 not the nation, that is subject to a time-keeping system would be called into question
24 because "all timekeeping entails rounding of some sort: the question is not whether to
25 round, but how much to round—to the nearest quarter-hour, the nearest tenth-hour, the
26 nearest minute, the nearest second, or the nearest nanosecond."  ECF No. 39-1 at 7.

---

[5] Defendant cites the following persuasive authority in support of its argument, id. at 12: "A bonus is money promised to an employee in addition to the monthly salary, hourly wage, commission or piece rate usually due as compensation." DLSE Manual (Rev.) § 2.5.5 at 2-3, § 35.1 at 35-1 (June 2002).

Regardless, though, Defendant has proffered undisputed evidence that the Rounding Policy was actually implemented as a three-minute grace period for employees that clock in or out slightly too early or too late. ECF No. 39-1 at 14. By its nature, this payment is neither remuneration for hours worked nor for performing any employment duty and, thus, not included in the regular rate of pay.

Because the evidence clearly supports that Defendant's Rounding Policy is a lawful payment for time not worked, payments made pursuant to that policy need not be included in the calculation of overtime wages. Defendant's Motion for Partial Summary Judgment is GRANTED, and Defendant's Motion to Dismiss and Strike is DENIED as moot.

### B. Plaintiff's Motion for Class Certification and Defendant's Motion to Deny Class Certification

Plaintiff's Motion for Class Certification seeks to establish the "Nonexempt Class," which consists of "[a]ll current and former nonexempt employees who worked for Costco in the State of California at any time from four years prior to the filing of the Complaint through the present." Pl's. Mot. Class Cert., ECF No. 46, at 6. Plaintiff also requests the establishment of three subclasses: (1) The Wage Statement Subclass, which includes class members who "worked for Defendant in the California [sic] within one year of the filing of the complaint and whose times punches were automatically changed through the Defendant's Three Minute Window Policy"; (2) the Closing Shift Subclass, that includes class members "who worked for Defendants in the State of California at one of Defendants' warehouse stores and who worked one or more closing shifts at any time from four years prior to the filing of the Complaint to March 4, 2019"; and (3) The Waiting Time Subclass, which includes class members "whose employment with Costco ended at any time from three years prior of the filing of the Complaint to the present." Id. at 6-7. However, because the allegations involving the Rounding Policy have been dismissed and struck from the complaint, this Court need not address the arguments involving the

///

"Wage Statement Subclass" and certification of the "Wage Statement Subclass" is DENIED as a matter of law.

The Court further finds that both of the remaining proposed subclasses fail to satisfy the requirements of Rule 23.  Specifically, the predominance inquiry of   adjudication by representation." Amchem Prods, Inc. v. Windsor, 521 U.S. 591, 594 (1997); see also Tait v. BSH Home Appliances Corp., 289 F.R.D. 466, 478 (C.D. Cal. 2012). While there is "substantial overlap" between the commonality and predominance test, the predominance test is "far more demanding." Wolin v. Jaguar Land Rover N. Am. LLC, 617 F.3d 1168, 1172 (9th Cir. 2010).  The predominance analysis "asks whether the common, aggregating-enabling, issues in the case are more prevalent or important than non-common, aggregation defeating, individual issues." Tyson Foods Inc. v. Bouaphakeo, 577 U.S. 442, 453 (2016).

Plaintiff points to two specific questions of fact and law that she asserts are common to the remaining proposed classes: "Whether Costco's exit procedures deprive employees of compensation for all hours suffered and permitted to work; and [w]hether Costco's . . . exit procedures result in employees failing to be compensated for all wages upon discharge of employment." ECF No. 46 at 17:18-21.  In support, Plaintiff points to a number of instances in which courts granted class certification when faced with similar common questions that predominate.  See e.g., Utne v. Home Depot U.S.A., Inc., No. 16-cv-01854-RS, 2018 WL 1989499 (N.D. Cal. 2018); Frlekin v. Apple Inc., 309 F.R.D. 518 (N.D. Cal. 2015); Moore v. Ulta Salon, Cosmetics & Fragrance, Inc., 311 F.R.D. 590 (C.D. Cal. 2015); Rodriguez v. Nike Retail Services, Inc., No. 5:14-cv-01508-BLF, 2016 WL 8729923 (N.D. Cal. 2016).

Defendant nonetheless contends that Plaintiff failed to establish that common issues predominate here because resolving the claims alleged would require an examination, for each of the 70,000 class members, of whether:  "(1) the employee in question experienced a delay, (2) the delay resulted from Costco's action, (3) it was more than de minimis, (4) it was not recorded by exception log, (5) it was not covered by

rounding in effect that day, and (6) managers knew or should have known of an unpaid delay and nonetheless stood idly by." ECF No. 44-1 at 7. This Court agrees.

California Law requires three elements to establish a claim for failure to compensate for OTC work: "[A] plaintiff may establish liability for an off-the-clock claim by proving that (1) he performed work for which he did not receive compensation; (2) that defendants knew or should have known that plaintiff did so; but that (3) the defendants stood idly by." Jimenez v. Allstate Ins. Co., 765 F.3d 1161, 1165 (9th Cir. 2014). "'Where no substantial evidence points to a uniform, companywide policy,' and 'proof of off-the-clock liability would have had to continue in an employee-by-employee fashion,' class certification is inappropriate." Nevarez v. Costco Wholesale Corporation, 2:19-cv-03454-SVW-SK, 2019 WL 7421960, at *6 (C.D. Cal. Dec. 26, 2019) (quoting Howard v. CVS Caremark Corp., CV 13-04748 SJD (PJWx), 2014 WL 11497793, at *10 (C.D. Cal. Dec. 19, 2014)).

Indeed, class-wide predominance is typically met when an employer's express policy universally creates periods of off-the-clock work. See Dukes, 564 U.S. at 359 (finding no common question predominates the class because there is no companywide discriminatory pay and promotion policy). However, Defendant produced evidence that it has no *uniform, companywide policy* creating exit delays; instead, Defendant's policy "has always been to pay employees for any exit delays and inform employees as such." See ECF No. 44-1 at 7-9; ECF No. 44-6, Rajski Decl. ¶ 29, Ex. 10, Vasquez Decl. ¶¶ 9, 11-17, Kang Decl. ¶¶ 4-6, 11, 15, and Ex. 15 ECF No. 44-1, at 8-10. Indeed, per Costco's policy, "each warehouse manager exercises discretion as to exit practices." ECF No. 44-1 at 7. Moreover, "[c]losing-shift exits vary from warehouse to warehouse, manager to manager, employee to employee, day to day." Id. at 8; see also ECF No. 44-6, Vasquez Decl. ¶ 9. Finally, bag checks are also conducted at the discretion of each store manager, not according to corporate policy. Id. at Kang Decl. ¶¶ 5, 11.

Because there is no companywide policy common to all Costco stores, the predominance element of Rule 23 is not met. See Nevarez v. Costco Wholesale

Corporation, 2019 WL 7421960, at *8.  Plaintiffs' Motion for Class Certification is DENIED, and Defendant's Motion to Deny Class Certification is GRANTED.[6]

**CONCLUSION**

For the aforementioned reasons, Defendant's Motion to Dismiss and to Strike (ECF No. 33) is DENIED as MOOT, Defendant's Motion for Partial Summary Judgment is GRANTED (ECF No. 39), Defendant's Motion to Deny Class Certification is GRANTED (ECF No. 44), Plaintiffs' Motion for Class Certification is DENIED (ECF No. 46), Defendant's Motion to Strike Portions of Plaintiffs' Evidence Submitted In Support of Motion for Class Certification is DENIED (ECF No. 54), Defendant's Daubert Motion to Strike Evidence is DENIED (ECF No. 55), Plaintiffs' Motion to Strike Defendant's Evidence In Support of Motion to Deny Class Certification is DENIED (ECF No. 58), and Plaintiffs' Request to File Sur-Reply to Defendant's Motion to Deny Class Certification is DENIED (ECF No. 68).

IT IS SO ORDERED.

Dated:  September 27, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Defendant's Motion to Strike Portions of Plaintiff's Evidence Submitted In Support of Motion for Class Certification is DENIED as moot.  As a result of the proposed classes failing to satisfy the predominance requirement of Rule 23 concerning Defendant's companywide policies, the Court did not rely on the portions of evidence Plaintiff moved to strike in her instant motion (ECF No. 58). Accordingly, Plaintiff's Motion to Strike Defendant's Evidence In Support of Motion to Deny Class Certification is DENIED on the merits as is her Request to File Sur-Reply to Defendant's Motion to Deny Class Certification.