UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN ROUGH, individually and on behalf of all similarly situated current and former employees of DEFENDANTS in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | No.  2:19-cv-01340-MCE-DB<br><br>**ORDER** |

By way of this action, Plaintiff Megan Rough ("Plaintiff") seeks relief on behalf of herself and others similarly situated against their former employer, Defendant Costco Wholesale Corporation ("Defendant").  According to the First Amended Complaint ("FAC") (ECF No. 32), Defendant failed to correctly pay Plaintiff all minimum, regular, and overtime wages owed by failing: (1) to factor a "nondiscretionary punctuality bonus" into the regular rate of pay for purposes of calculating overtime wages and (2) to compensate employees for off-the-clock time employees accrued between clocking out and completing Defendant's exit security procedures.  As a result, when Plaintiff's employment ended, she and members of the putative class purportedly failed to receive unpaid wages owed and received inaccurate wage statements.  Plaintiff's FAC thus

1

alleged five wage-and-hour causes of action for violations of the California Labor Code, the Industrial Welfare Commission Wage Order, and the California Business and Professions Code.

This Court recently granted Defendant's Motions for Partial Summary Judgment and to Deny Class Certification and denied Plaintiff's Motion for Class Certification. Plaintiff now seeks leave to pursue an interlocutory appeal of the Court's ruling on Defendant's dispositive motion pursuant to 28 U.S.C. § 1292(b).  ECF No. 77 ("Motion").[1]  For the reasons that follow, Plaintiff's Motion is DENIED.[2]

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if it (1) "involves a controlling question of law," (2) there is "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  See Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 687-88 (9th Cir. 2011).  None of these requirements are met here.  Although Plaintiff's theory of liability was novel, it did not raise controlling issues over which there is any substantial ground for differing opinions.  See Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010).  Moreover, given that only Plaintiff's individual claims remain, claims which may be expeditiously litigated so all appellate issues may be addressed together in the first instance, it would prolong rather than advance this case to allow an interlocutory appeal.  Accordingly, Plaintiff's Motion to Certify Order for Interlocutory Appeal (ECF No. 77) is DENIED.

IT IS SO ORDERED.

Dated:  November 16, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local Rule 230(g).

[2] The parties and the Court are intimately familiar with the factual and procedural background of this case as well as the legal issues, and they are not recounted here.